### Mose White v. The State.

*No. 1288. Decided May 19th, 1897.*

**New Trial—Verdict Decided by Lot.**

   Where the jury agreed beforehand to ascertain and find their verdict by each member writing the number of years the defendant should be imprisoned, and the numbers thus written were to be added up, and the aggregate divided by twelve, thus making the quotient the number of years put into the verdict, which was done. Held: The verdict was arrived at by lot, in direct contravention of subdiv. 3, Art. 817, Code Crim. Proc., and a new trial should have been granted.

APPEAL from the District Court of Nacogdoches. Tried below before Hon. TOM C. DAVIS.

Appeal from a conviction for manslaughter; penalty, four years' imprisonment in the penitentiary.

Appellant was indicted for the murder of one Mitch Yarborrough, on the 10th of October, 1896, by shooting him with a pistol.

Defendant in person pleaded guilty to manslaughter.

No further statement necessary.

[No briefs have come to the hands of the Reporter.]

*Mann Trice,* Assistant Attorney-General, for the State.

HENDERSON, JUDGE.—Appellant was convicted of manslaughter, and given four years in the penitentiary; hence this appeal. The only question in the case is with regard to the verdict of the jury. In his motion for a new trial, appellant appends thereto the affidavit of one of the jurors, to-wit: J. H. Watkins, which is as follows: "Before me, the undersigned authority, on this day personally appeared J. H. Watkins, who, after being duly sworn, says that he was one of the jury who was empaneled and sworn to try the above entitled and numbered cause, and, after the jury had retired to the jury room for the purpose of considering their verdict, that the juror proposed to the other eleven jurors for each one to write the number of years he thought the defendant was en-titled to, and that the aggregate number of years would then be divided by twelve, and the result would be their verdict; that it was agreed between each of the said jurors that they would arrive at their verdict in this way, and the result of same would be their verdict; that, in accordance with said agreement and understanding, each juror wrote the number of years he thought the defendant was entitled to, and placed the same in a hat; and that the number set down by each juror and placed in a hat was drawn, and the total number of years was added up, and then divided by twelve, and the result was their verdict, as they had previously agreed would be." This affidavit also appears to be signed by two other persons, to-wit: W. J. Grimes and J. W. Petty, but it is not stated in their affidavit that they are jurors. It appears that the matter was presented to the court in this shape, and that no contesting affidavits were filed on the part of the State. The motion was over-ruled. So far as we are advised, the only proof presented on this issue was the affidavit of the juror presented by the appellant, but that affi-davit shows clearly the decision of said case, as to the term of punish-ment the jury would inflict, to have been by lot. It shows that the jury agreed to ascertain the time of imprisonment beforehand, by lot; that, having adopted this method, they proceeded to execute it, and by lot ascertained the term of imprisonment, which was four years, and they straightway adopted this as their verdict. This is in direct contraven-tion of Art. 817, subdiv. 3, Code Crim. Proc., 1895. See, **Wood v.**

State, 13 Tex. Crim. App., 135; Driver v. State, ante, p. 160. Because of the misconduct of the jury in ascertaining their verdict by lot, the judgment is reversed and the cause remanded.

*Reversed and Remanded.*