## ALEX SANDERS v. THE STATE.

No. 2853.   Decided January 27, 1904.

**Verdict by Lot.**

Where each juror put down the number of years he wanted to give defendant, ranging from five to twenty-five years, which was added up and then divided by twelve, the result being eighteen years and one month, and the one month was left off and eighteen years was adopted as the verdict of the jury, it was a verdict by lot and contrary to law.

Appeal from the District Court of Houston.   Tried below before Hon. John Young Gooch.

Appeal from a conviction of murder in the second degree; penalty, imprisonment for a term of eighteen years in the penitentiary.

No statement is necessary.

*Jno. I. Moore* and *L. A. Sallas,* for appellant.

*Howard Martin,* Assistant Attorney-General, for the State.

BROOKS, JUDGE.—Appellant was convicted of murder in the second degree, and his punishment assessed at confinement in the penitentiary for a term of eighteen years.

There is no statement of facts in the record. The only question that can be reviewed, in the light of this record, is a bill of exceptions which insists that the verdict of the jury was arrived at by lot. Juror Burton testified that after the jury had agreed to find defendant guilty of murder in the second degree, they had trouble in agreeing on the term of punishment. Some of the jury wanted to give appellant five years, some seven, some ten, some fifteen, and some sixty years. It was finally proposed that each juror should put the number of years he wanted to give defendant down on paper and add the total, and then divide the result by twelve, and the result thus obtained should be the verdict of the jury. This was agreed to by all the jury, with this additional agree-

ment, that no juror should put down on the paper a longer term than twenty-five years. After this agreement was made, each did put down the number of years he wanted to give defendant, ranging from five to twenty-five years. This was added up, and then divided by twelve, and the result was eighteen years and one month. After a little discussion, the one month was knocked off, and eighteen years was adopted as the verdict of the jury. Without having taken the ballot as we did, I do not believe we would have ever arrived at the verdict we did, or at any other verdict. The jurors who were willing to give five years only were the ones who were stubborn, and would not agree for a longer term than five years. The juror Story testified substantially as did Burton; and further states that he could not say whether the jury would have reached a verdict in any other way or not; that up to the time of this agreement they had failed to arrive at a verdict, after discussing the case fully. The juror Starnes states the same, and says he does not think they would have reached a verdict in any other way. Foreman Callier testified to the same effect. Appended to the bill of exceptions presenting this matter, is the following qualifications by the court: "That while the jury agreed to arrive at a verdict by lot, they did not abide by the agreement, but ultimately all agreed that the punishment should be eighteen years."

In the opinion of the writer the action of the court in overruling the motion for new trial on this ground is supported by McAnally v. State, 57 S. W. Rep., 832; Barton v. State, 34 Texas Crim. Rep., 613; Pruitt v. State, 30 Texas Crim. App., 156. However, a majority of the court hold that the judgment should be reversed under the authority of Driver v. State, 37 Texas Crim. Rep., 160. In that case the jury agreed to ascertain the verdict as to the penalty by each juror setting down on paper the number of years he was in favor of giving defendant in the penitentiary, and then add up the same, divide by twelve, and the quotient should fix the number of years to be given defendant in the penitentiary. And it was further agreed to be bound by and abide by this result; and the verdict returned was for the round number of years thus ascertained, leaving off the fraction of months over. It was held on motion for new trial that the burden was on the State to show that this agreement had been subsequently abandoned, and that the verdict was not in conformity with the agreement, before it could be upheld as returned. And the fact that after the number of years of punishment had been ascertained two of the jurors refused to abide the result, but after several hours deliberation did agree and the same verdict was returned by all the jurors, there being no evidence that the original agreement had ever been abandoned, the verdict was contrary to law, and a new trial should have been granted. Under the authority of Driver's case, the court holds that the verdict in this instance was arrived at by lot. The judgment is accordingly reversed and the cause remanded.

*Reversed and remanded.*