JIM BROOKMAN V. THE STATE.

No. 3530.     Decided October 10, 1906.

1.—Local Option—Charge of Court—Subterfuge—Sale.

To constitute a violation of the local option law there must be a sale in the local option territory before a conviction can follow, and a charge of the court which complicated the question of sale with a reference to what would constitute a subterfuge, and does not clearly charge as to what it takes to constitute a sale, was objectionable.

2.—Same—Misconduct of Jury—Verdict by Lot.

Where upon trial for a violation of the local option law the jury, after they had been out for several hours, agreed among themselves to write down on a slip of paper what punishment should be assessed, each to put the numbers on separate slips of paper and place the slips in a hat, then draw them out, add them up and then divide the sum of dollars and the number of days by the number of the jurors, and make the result the verdict, and this was done, and after several ballots, to make it even money and even days, they struck off the fractions and then returned the result as their verdict. Held, a verdict by lot and reversible error.

Appeal from the County Court of Bell. Tried below before the Hon. W. R. Butler.

Appeal from a conviction of a violation of the local option law; penalty, a fine of $75 and forty-five days confinement in the county jail.

The opinion states the case.

*A. L. Curtis, J. B. McMahan,* for appellant.

*J. E. Yantis,* Assistant Attorney-General, for the State.

HENDERSON, JUDGE.—Appellant was convicted of violating the local option law, and his punishment assessed at a fine of $75 and forty-five days imprisonment in the county jail, hence this appeal.

Appellant criticises the following portion of the court's charge: "If you believe from the evidence beyond a reasonable doubt that the order for the gallon of whisky given by M. D. Light, and taken by defendant, as shown by the evidence, was a scheme and° subterfuge and but a plan and devise to cover up a sale of whisky by defendant to said Light; or that said Light gave the order as shown by the evidence for one gallon of whisky to defendant, and did not pay for the same at the time or request or authorize defendant to pay for same for him, and the defendant ordered the gallon of whisky from Archinhold of Waco, Texas, and voluntarily and without the knowledge or consent of said Light paid therefor out of his own money without being requested to do so by said Light and afterwards delivered to said Light two drinks of whiskey out of the whisky so ordered and paid for, and at the time received from said Light the sum of 25 cents in payment of said two drinks of whisky, in either case the order would afford no protection to defendant and he would be guilty of a sale, and if you so believe you will find the defendant guilty." It occurs to us that the first portion of said charge might be considered defective, in that it predicates appellant's conviction on the mere fact that, if the jury believe the order for the gallon of whisky for Light was taken by defendant as a scheme and subterfuge and a plan to cover up a sale of whisky by defendant to Light, he would be guilty. We presume that the learned judge intended to tell the jury that, if they believed said statement was a subterfuge, and that appellant made a sale of the whisky to Light, he would be guilty. But he leaves this matter of sale off, and begins with his next proposition by using the conjunction "or." Of course, there must not only be a subterfuge, for both the Constitution and statute require, in addition to the subterfuge, there must be a sale in the local option territory, before a conviction can follow. As to the last portion of said charge it appears to be somewhat complicated, in referring to the facts. The jury should have been instructed as to what it takes to constitute a sale in a prohibited territory, and then told, if they believed appellant on the occasion alleged sold said whisky in said territory, then he would be guilty, etc.

Appellant also complains that the court refused and failed to give his special requested instruction. In view of the court's charge number 6, we do not believe that it was necessary for the court to give the special requested instruction. We believe this adequately guarded whatever defense appellant's testimony raised.

Appellant insists that the evidence does not support the verdict. We are inclined to disagree with him as to this matter; but inasmuch as the case is reversed, we will not discuss the evidence.

The case must be reversed because of the action of the jury in finding a verdict, which is reserved by bill of exceptions. After the jury retired, the following procedure occurred: They agreed on defendant's guilt, but could not agree on the penalty to be assessed. Some were for a low fine and some were for the limit. After they had been out for several hours, an agreement was entered into with each other, to write down on a slip of paper, the opinion of each as to what punishment should be assessed, and each would put the numbers on separate slips of paper and deposit the slips in a hat, and after drawing these slips out of the hat, they would write down these amounts, add them up, and divide the dollars by six and the days by six, and make the result the verdict. This was done, but a mistake occurred in the first attempt by getting seven slips of paper in the hat, instead of six. It was then tried over, and the result found to be $72.50 and forty-five days. After this result was reached some one suggested to make it even money and even days, which was agreed to and the verdict was then returned, $75 and forty-five days in jail. It seems to have been understood that the jury would be bound by the result of the adding and division, and the change was only made to make an even number of days and dollars. We do not understand that this statement of how the verdict was reached was controverted by the State. Under the decisions of this court this was reaching a verdict by lottery. The mere fact that the exact number of days and dollars was not returned is immaterial under the circumstances shown by the testimony. The lottery was the real basis of the verdict and the method adopted to reach the verdict. Driver v. State, 37 Texas Crim. Rep., 160; Sanders v. State, 45 Texas Crim. Rep., 518. The judgment is reversed and the cause remanded.

*Reversed and remanded.*