## WALTER BARNARD V. THE STATE.

### No. 5490.  Decided May 12, 1920.

**1.—Murder—Manslaughter—Verdict by Lot.**

Where, upon an appeal from a conviction of manslaughter, the appellant contended that the verdict was reached by lot, but the record disclosed that the jurors, after agreeing to a verdict of manslaughter, a large majority of the jurors was found to favor five years and two or three a lesser penalty, the trial court was warranted in concluding that the addition and division were not to be binding upon them, and that the verdict was not reached by lot.  Following Dawson v. State, 72 Texas Crim. Rep., 78;  and other cases.

**2.—Same—Order of Evidence—Practice on Appeal.**

The order of testimony is not fixed by iron-clad rules under our practice, and is confined largely to a discretion of the trial courts and their actions will not be disturbed unless by some unusual variance from the customary procedure some injury appears probable, which is not the fact in the instant case.

**3.—Same—Argument of Counsel—Practice on Appeal.**

Where the district attorney withdrew his statement to the effect that one of the attorneys of the defendant went to the scene of the homicide with certain witnesses and pointed out various places, etc., upon being corrected, there was no reversible error.

**4.—Same—Argument of Counsel—Bill of Exceptions.**

Where, the argument of State's counsel with reference to the children of the deceased did not call for a reversal of the case in the light of the qualifications of the bill of exceptions, which is also true of other bills of exceptions, there was no reversible error.

**5.—Same—Charge of Court—Murder—Practice on Appeal.**

Upon trial of murder and a conviction of manslaughter, the mere fact of the submission of the law of murder does not constitute reversible error.

**6.—Same—Self-Defense—Charge of Court—Pursuing Assailant.**

Where, upon trial of murder and a conviction of manslaughter, it was doubtful whether the evidence raised the issue of self-defense, but the court, nevertheless, fully charged thereon and instructed the jury further on the right of one assailed to pursue his assailant. there was no reversible error.

**7.—Same—Sufficiency of the Evidence.**

Where, upon trial of murder and a conviction of manslaughter, the evidence sustained the conviction under a proper charge of the court, there was no reversible error.

8.—Same—Rehearing—Verdict by Lot.

Where, appellant in his motion for rehearing renewed his contention that the verdict was reached by lot, it appeared from the record that only one juror, who testified, claimed that either in words or in effect the verdict was arrived at by lot and all the other jurors gave testimony as opposed to this conclusion, there was no reversible error. Following Ulrich v. State, 30 Texas Crim. App., 63, and other cases.

Appeal from the District Court of Travis. Tried below before the Honorable James R. Hamilton.

Appeal from a conviction of manslaughter; penalty, four years imprisonment in the penitentiary.

The opinion states the case.

*Dickens & Dickens,* for the appellant.—On question of verdict by lot: Brookman v. State, 96 S. W. Rep., 928; Driver v. State, 37 Texas Crim. Rep., 160; Witty v. State, 171 S. W. Rep., 229.

*Alvin M. Owsley,* Assistant Attorney General, for the State.—On question of argument of counsel: Love v. State, 150 S. W. Rep., 920.

LATTIMORE, JUDGE.—Appellant was indicted in the Criminal District Court of Travis County, upon a charge of murder; and upon his trial was convicted of manslaughter, and his punishment fixed at four years in the penitentiary.

Considering the errors urged in the order as presented by appellant's brief, we first notice the contention that the verdict was reached by lot, and that same is, therefore, illegal. The record discloses that the testimony of the jurors was heard in support of this motion for a new trial, their testimony substantially being that after they had agreed on a verdict of guilty of manslaughter, finding themselves of various minds upon the question of the penalty, they agreed to add up their several preferences, as to amounts, and divide the result by twelve; which was done; and the quotient amounted to four years and a fraction—or, four years and five months, as testified to by most of them. Thereupon, some one either made a motion, or suggested that the verdict be fixed at four years, and there was a unanimous vote in favor of this term. This is not such procedure as amounts to a violation of our statute forbidding a verdict arrived at by lot. See Section 656. Branch's Ann. Penal Code; Dawson v. State, 72 Texas Crim. Rep., 78, 161 S. W. Rep., 469; Lamb v. State, 75 Texas Crim. Rep., 75, 169 S. W. Rep., 1159; Art. 837, Sub. Div. 3, Vernon's C. C. P. The evidence was practically in accord, that after agreeing to a verdict of manslaughter, a large majority of the jurors were found to favor five years, and two or three for a lesser penalty; and the trial court was warranted in concluding that the addition and division were not to be binding upon them, and it was not so in fact.

Complaint is made of the admission of the testimony of Mrs. Clark. This witness testified after the defendant had closed his evidence in chief, that deceased was manager of her farm, on which appellant was a tenant, and that on one occasion, when a misunderstanding came up over the division of some pecans—she accusing appellant of not delivering enough pecans as rental—that appellant became very angry, and said that whoever told her that was not her share of the pecans, had lied. In this connection she also stated that appellant insisted that deceased was the one who was causing him this trouble. The only persons present at this conversation, were appellant, deceased, and the witness. She further said that appellant was more than angry; that his eyes flashed, and that he clenched his hands. Appellant was on trial for murder, and evidence tending to show enmity, or former grudges on his part against deceased, was admissible. We think such was evidently the purpose and tendency of said testimony. At the request of appellant, the trial court instructed the jury not to consider any testimony of this witness, to the effect that appellant was not giving her the amount of pecans to which she thought herself entitled. If appellant desired to introduce any evidence upon this matter, he had the right so to do; and it does not appear that the trial court refused to permit him this privilege. The order of testimony is not fixed by iron clad rules under our practice, and is confided largely to the discretion of the trial courts; and their actions regulating same will ordinarily be upheld, unless by some unusual variance from the customary procedure, some injury appears probable; which is not the fact in the instant case.

Objection was also made to a statement in his argument, by the prosecuting attorney, to the effect that one of appellant's attorneys went out to the scene of the homicide with certain witnesses, and pointed out various places, and got said parties to make certain tests. It appears from the qualification affixed to this bill that as soon as said statement was made, one of appellant's attorneys named therein, arose and objected, for the reason that he was never out at such place. At once, the attorney prosecuting promptly retracted said statement, telling the jury that same was based on the fact that the testimony showed that an attorney for the defendant was out at said place, conducting said investigation for the defendant, but that if this one of defendant's attorneys said he was not there, he accepted his word and withdrew the statement. In this condition of the record, we see no injury possible in this matter.

Nor do we think the argument set out in Bill of Exceptions No. 7, to the effect that the children of deceased were entitled to sympathy, such argument as would call for a reversal of the case. However, this bill, considered in the light of the court's qualification, presents no objectionable matter. This is also true of his bill of exceptions No. 8. These bills were accepted by appellant, and are before us without objection to the court's qualifications.

Complaint is also made of the fact that the trial court submitted the issue of murder. We do not think any error was thus committed. We are referred to no authority holding that where one charged with murder is found guilty of manslaughter, the mere fact of the submission of the law of murder operates as any injury to the accused. No incorrect statement of the law of murder or of manslaughter in the charge, is here pointed out, by which we might be led to believe that the charge of the court could have had any evil effect in bringing about a conviction of the lower grade of homicide.

The evidence showed that appellant was armed with a pistol. He testified that deceased threw a rock at him shortly after their meeting, which struck him on the hand, causing pain and bloodshed, that deceased also then cursed him, and said he was going to his house and get his gun, and come out and kill him; that when deceased started to the house he, appellant, pulled his pistol and shot. There were three shots fired. Deceased was shot twice in the back, and expired almost immediately. We are doubtful if self-defense was in the case. See Lynch v. State, 24 Texas Crim. App., 364; Bush v. State, 40 Texas Crim. Rep., 543. But if such theory appeared, the court fully charged on same as possibly raised by the testimony of appellant, instructing the jury that said issue was to be determined from the standpoint of appellant alone, and fully applied the law to the facts as made by the testimony, including a charge on the right of one assailed to pursue his assailant.

The only eye witness to the homicide beside appellant and deceased, was the wife of deceased, and she testified that when the last shot was fired, deceased was running away from appellant down the aisle of the cow barn, and that appellant was standing at the door shooting at him as he ran.

We have found no reversible error in this record, and the judgment of the trial court will be affirmed.

*Affirmed.*

ON REHEARING

May 12, 1920.

LATTIMORE, JUDGE.—The only contention made in appellant's motion for rehearing is, that the jury arrived at their verdict by lot, and that in declining to reverse for this, we were in error. In view of the insistence of appellant, we have again carefully examined the facts presented in support of this ground of his motion for new trial, and the authorities cited by appellant.

Each of the twelve jurors appeared and gave testimony upon the presentation of said motion, and the trial court, in deciding this ques-

tion of fact, held against the claim of appellant. It appears that only one of said jurors testified that it was his understanding that there was an agreement among them, to be bound by the result of the addition of the several penalties each thought proper, and the division of this sum by twelve. It appears that this was the only juror who testified, either in words or in effect that this verdict was arrived at by lot, and that all of the others gave testimony opposed to this conclusion. We have carefully examined the testimony of said jurors, and therefrom it appears in substance, that a short time after retirement, they came to an agreement that appellant was guilty of manslaughter, and then engaged in an effort to reach an agreement as to the penalty to be fixed. It seems that most of the jurors favored five years, though some were for four, and one or two for three years. It was presently suggested, according to most of said testimony, that they add the various penalties favored, and divide the result by twelve, as a basis for argument. This computation was made, and the result shown was fifty-three months, or four years and five months. According to the positive testimony of several of the jurors—and this was not denied or questioned by any of them—after such computation, the matter of penalty was further discussed for several hours, and then some one suggested that they agree upon a verdict of four years. The foreman called the jury to order and put the question ''that all who agree to a penalty of four years should hold up their hands,'' and all held them up. While the juror Friday said he did not remember coming to this agreement by holding up their hands, he testified positively that they all agreed on four years. The testimony of this juror is quoted and referred to by appellant in his motion. It appears from this juror's testimony, that it was his understanding, after they all came to an agreement upon manslaughter, that they should put down the amount that each of them thought the penalty should be, divide it by twelve, and the result should be their verdict; though he states that after they put it down and added it up, that they knocked off the five months, and made the penalty even four years. This juror said that he was originally for five years, but agreed to the four year verdict rendered.

Looking to the law applicable to these facts, we find that it has been the invariable rule of this Court to uphold findings made by the trial courts upon such fact issues as are submitted to them, unless it appear to us that such decision is manifestly wrong. See Article 837, Vernon's C. C. P., and authorities cited. As stated by the presiding judge of this Court, in Ulrich v. State, 30 Texas Crim. App., 63: ''There was a conflict in the evidence as to the agreement in arriving at the verdict . . . There was a conflict in the evidence on the issue involved, and the court settled that conflict by overruling the motion. This he had the legal right and authority to do. The presumption obtains that the judgment is correct.'' This Court would not hold the discretion of the trial court to have been abused in a case where

87 Tex.—24

one juror testified that there was such an agreement, as is here contended for appellant, if the majority of the jurors testified that no such agreement was had. If it were conceded that Mr. Friday testified that such was his understanding, still, none of the other jurors agreeing with him as to such fact, and most of them being positive that there was no such agreement suggested by any one, we would be compelled, in accordance with our rule in such cases, to uphold the action of the trial court in overruling the motion. Each of the jurors testified positively that all of them agreed on the four year penalty, which was fixed by the verdict. Appellant cites the Sanders case, 45 Texas Crim. Rep., 518, 78 S. W. R., 518; the Driver case, 37 Texas Crim. Rep., 160; the Good case, 66 S. W. Rep., 1079; the Good case, 67 S. W. R., 102; the Brookman case, 50 Texas Crim. Rep., 277, 96 S. W. R., 928; the White case, 37 Texas Crim. Rep., 65, 40 S. W. Rep., 789, and the Wood case, 13 Texas Crim. App., 135. These, and many similar authorities, are cases in which the evidence adduced in support of the motion for new trial showed that there was an agreement on the part of the jury to abide by the result of the addition and division indulged in. In some of these cases, the facts showed that the exact quotient was not adhered to, but, it appearing that there was an agreement on the part of the jury to be bound by said quotient, this court held in those cases that some slight change after arriving at the quotient did not constitute any variance from the original illegal agreement. We fear appellant's insistence in his motion is based on his failure to observe our statement in the original opinion "that the trial court was warranted in concluding that the addition and division were not to be binding upon them (the jury), and it was not so in fact."

Believing our former decision of the matter correct, and finding ourselves unable to agree with the contention of appellant, the motion for rehearing will be overruled.

*Overruled.*