OLAF & CHARLIE ANDERSON v. THE STATE.

No. 7400. Decided December 20, 1922.

**Theft of Horses—Defendant's Failure to Testify—Motion for New Trial.**

Where the motion for new trial alleged that the members of the jury discussed defendant's failure to testify, etc., but the bill of exceptions in which the evidence thereon is embraced, was not filed during term time, same cannot be considered on appeal. Following Black v. State, 41 Texas Crim. Rep., 185, and other cases.

Appeal from the District Court of Montague. Tried below before the Honorable C. R. Pearman.

Appeal from a conviction of theft of horses and mules; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

No brief on file for appellant.

*R. G. Storey*, Assistant Attorney General, for the State.

MORROW, PRESIDING JUDGE.—Conviction is for theft; punishment fixed at confinement in the penitentiary for a period of two years.

Two mules and two horses were stolen. The evidence is sufficient to support the finding of the jury that the appellants committed the offense.

In the motion for new trial, there is an averment to the effect that the members of the jury discussed the failure of the appellants to testify and used that fact against them in deciding to refuse to recom·mend a suspension of the sentence. Evidence was heard in support of this phase of the motion, but unfortunately, the bill of exceptions in which the evidence is embraced was not filed during the term of court at which the trial took place. The law therefore precludes the consideration of the bill of exceptions. Such was the ruling of this court in the opinion written by Presiding Judge Davidson in Black v. State, 41 Texas Crim. Rep., 185. This ruling has been uniformly followed. See Gray v. State, 88 Texas Crim. Rep., 1, 224 S. W. Rep., 513, and cases therein cited; also Shepard's Texas Citations, March, 1922, p. 324.

There are no additional questions raised.

The judgment is affirmed.

*Affirmed.*