EUGENE NAVARRO V. THE STATE.

No. 7925. Decided December 12, 1923.

Rehearing denied January 30, 1924.

1.—Assault to Murder—Motion for New Trial—Surprise—Practice on Appeal.

Where it was claimed, in a motion for new trial, that the testimony of the State's witness to the effect that he had been wounded in the foot was a surprise, but the testimony heard in the motion was filed after the adjournment of the term of court, the same could not be considered on appeal. Following Black v. State, 41 Texas Crim. Rep., 185, and other cases; besides, if considered, the same would not warrant a reversal and the evidence being sufficient to support the verdict the judgment is affirmed.

2.—Same—Newly Discovered Evidence—Rehearing.

Where appellant knew who was present at the difficulty and who the witnesses were and all matters claimed to have been newly discovered ap-

pear to have been easily ascertainable, defendant's motion claiming surprise as to the State's witness testimony, must be overruled.

Appeal from the District Court of Bexar.  Tried below before the Honorable S. G. Tayloe.

Appeal from a conviction of assault with intent to murder; penalty, ten years imprisonment in the penitentiary.

*T. B*. *Monroe*, for appellant.—Cited Dunham v. State, 3 Texas Crim. App., 465.

*Tom Garrard* and *Grover C. Morris*, Assistants Attorney General, for the State.

MORROW, Presiding Judge.—The offense is assault with intent to murder; punishment fixed at confinement in the penitentiary for a period of ten years.

The subject of the alleged assault was Rosendo Zamudio, who, together with three other men, were the guests of one Rodriquez. The appellant and one Cortez became members of the party. While awaiting the coming of the new year, they engaged in the use of strong drinks. They afterwards left the home of Rodriquez and while walking on the streets of the city of San Antonio, an altercation took place. The appellant received a knife wound and Zamudio a gunshot wound; according to his testimony, two such wounds. Zamudio testified that the appellant was the aggressor, and that he struck the appellant with a knife in an effort to repel the assault which the appellant was making with his pistol. Rodriquez and one Perez testified on behalf of the State to facts corroborative of Zamudio and contradictory of appellant, touching the number of shots fired. They fled, however, according to their testimony, when the firing began. According to the appellant's testimony, Zamudio was the aggressor. Appellant drew his pistol and fired after having been attacked with a knife in the hands of Zamudio.

The record fails to reveal any exceptions to the charge of the court or to its rulings upon the admission and rejection of evidence or other matters of practice.

The only bill found in the record is that complaining of the action of the court in overruling the motion for a new trial. Zamudio claimed upon the trial that two shots were fired, one of which took effect in his foot and the other in his shoulder. Appellant claimed that only one shot was fired at the time and that there was no wound in the foot of Zamudio. It is claimed in the motion for a new trial that the evidence of Zamudio to the effect that he had been wounded in the foot was a surprise. An affidavit attached to the motion supports the theory that there was no gunshot wound upon the foot of

Zamudio. On the hearing of the motion, witnesses were called and testified that he had a gunshot wound in his foot. He also exhibited a shoe bearing evidence of a hole in the top of it which he claims was made by the pistol ball. Other witnesses were introduced supporting the testimony of Zamudio with reference to the wound in the foot. The evidence heard on the motion was filed after the adjournment of the term of court and for that reason could not be considered. Black v. State, 41 Texas Crim. Rep., 185; Salazar v. State, 88 Texas Crim. Rep., 209, 225 S. W. Rep., 528; Garrett v. State, 92 Texas Crim. Rep., 338, 243 S. W. Rep., 936. If considered, however, it apparently would not have warranted a reversal of the judgment. Zamudio and the appellant were taken to a sanitarium after the affray and occupied cots adjoining each other, separated only by a screen.

The fight occurred on the first of January, 1922. The trial took place on the first of March, 1923. No sufficient reason is embraced in the motion for a new trial for the failure to know of the condition of the wound upon the foot of Zamudio, who was attended by nurses and doctors. If all that is said in the motion for a new trial were true, the evidence touching the beginning of the difficulty, that is, whether the appellant or his adversary was the aggressor, would remain in conflict.

The evidence is sufficient to support the verdict. No errors appear. The judgment is therefore affirmed.

*Affirmed.*

ON REHEARING.

June 30, 1924.

HAWKINS, JUDGE.—Appellant bases his motion for rehearing on the proposition that he was surprised at Zamudio's testimony on the trial to the effect that several shots were fired by appellant, one of which struck him a glancing blow on the instep of one foot; that since the trial he had discovered that the physician who waited on Zamudio at the hospital would testify to only one wound, that being in the shoulder. From this appellant argues that it would be persuasive that only one shot was fired by appellant.

From an analysis of the evidence we cannot attach the same importance to the question of whether Zamudio received a wound in the foot as seems to be given it by appellant. There were present at the beginning of the difficulty Zamudio, Rodriquez, Saladana, Perez, Cortez and appellant; all testified save Cortez, and his absence from the trial is not accounted for although he appears to have been appellant's friend and at whose invitation appellant was

in company with the other parties. All the witnesses, save appellant, testified that he was the aggressor, and that he fired several shots. Perez and Zamudio both said that one of the shots struck Zamudio in the foot. An interview with these witnesses, which presumably could have been obtained by the slightest diligence, would have revealed the fact that appellant was claimed to be the aggressor and fired several shots, and this we deem the vital issue, and not whether one of the shots struck Zamudio in the foot, although the claim that it did would have been revealed by interviewing Perez or Zamudio. Appellant knew who was present at the difficulty and who the witnesses were, and all the matters claimed to have been newly discovered appear to us to have been easily ascertainable. We cannot agree that appellant has brought himself within the rule authorizing a new trial for newly discovered evidence.

The motion for rehearing is overruled.

*Overruled.*