## J. O. ROSAMOND v. THE STATE.

### No. 8014.  Decided June 25, 1924.

**1.—Rape—Other Acts of Intercourse—Evidence—Rule Stated.**

The testimony of other and separate acts of intercourse between the accused and the prosecutrix, save the one relied on by the State, would seem ordinarily to be inadmissible, except when such testimony tends to solve some controverted issue in the case, or is brought within some exception to the rule which rejects proof of other and disconnected offenses.

**2.—Same—Case Stated—Other Acts of Carnal Intercourse.**

When the State introduced proof of the soreness, irritation, or injury of the private parts of the alleged injured female in a trial for rape, as corroborative of its claim of an assault, then the defense may prove prior carnal acts with other persons, but this court knows of no case holding that the State may prove that the private parts of the girl show a condition which reflect their carnal use prior to the act charged, and the testimony of the witness Dr. Crosby, should not have been admitted, and the judgment must be reversed and the cause remanded.

**3.—Same—Misconduct of Jury—Rule Stated—Verdict by Lot.**

When there is misconduct of the jury relied on for a new trial, such as that the verdict was arrived at by lot, and the evidence heard by the court below is conflicting, the settlement of such question, as appears from the conclusion of the trial judge will rarely be disturbed, and there is no reversible error in the instant case. Following: Douglas v. State, 58 Texas Crim. Rep., 122, and other cases.

**4.—Same—Leading Questions—Rule Stated.**

A question is not necessarily leading which may be answered yes or no. It must further appear that it suggests or indicates in some way the desired or expected answer.

Appeal from the District Court of Van Zandt.  Tried below before the Honorable Joel R. Bond.

Appeal from a conviction of rape; penalty, nine years imprisonment in the penitentiary.

The opinion states the case.

*Stanford, Sanders & West,* and *R. M. Lively,* for appellant.—On question of misconduct of jury: Driver v. State, 38 S. W. Rep., 1020; Brookman v. State, 96 S. W. Rep., 928.

On question of former acts of sexual intercourse: Greer v. State, 222 S. W. Rep., 986; Skidmore v. State, 123 id., 1129; Pridemore v. State, 129 id., 112; Rosamond v. State, 249 id., 468.

*Tom Garrard,* Attorney for the State, and *Grover C. Morris,* Assistant Attorney, for the State.

LATTIMORE, Judge.—Appellant was convicted in the District Court of Van Zandt County of rape, and his punishment fixed at nine years in the penitentiary.

Appellant was convicted of rape upon his niece, a girl under the age of consent. The State introduced her as a witness and she testified fully to an occurrence on the date laid in the indictment. She said it took place in her uncle's home and that she was in a big chair and he got down on the floor before her and accomplished the carnal act. She said that her brother came in and caught them. The State introduced the brother of prosecutrix who testified that on that day he was working for his uncle and hurt his hand; that upon going to the house and into the room he saw prosecutrix in a big chair and appellant on the floor before her. The State also introduced Dr. Cosby who testified that some little time after the date alleged in the indictment prosecutrix came to him for examination in reference to her pregnancy. He examined her and testified she was not pregnant, but did testify that she had had intercourse with some one. At this point the State rested its case in chief. Appellant then introduced a large number of witnesses who testified to his good reputation as a peaceable, law-abiding citizen and as a man of honorable conduct toward women. Many of these witnesses also testified that the reputation of prosecutrix for truth and veracity was bad. At this point appellant rested his defense.

The State then recalled Dr. Cosby and he was asked the following question:

"In your judgment would one act of intercourse on or about the middle of August 1921 and possibly intercourse with two smaller boys back three or four years before that produce the condition you found?"

Over objection the witness was permitted to answer: "No, I don't think that would produce the condition." It is stated in bill of exceptions No. 8 complaining of this matter that the purpose of the State in introducing said testimony was to lay a predicate for the recall of prosecutrix and in order to furnish a reason for having her detail other and different acts of intercourse with appellant than the one relied on in this case. It is also stated in said bill that the State's

attorney and the learned trial court both knew before Dr. Cosby was recalled that prosecutrix had testified already that other parties than appellant had had intercourse with her before the time the doctor examined her,—and in support of this proposition it is further set out in said bill that prosecutrix had testified upon another trial that her father had had intercourse with her and that the defense had sought to prove this fact by prosecutrix while a witness in this case, to which the State had objected and the objection was sustained. This bill of exceptions is approved without qualification, and the matters therein stated must be therefore, taken as true.

The testimony of other and separate acts of intercourse between the accused and the prosecutrix, save the one relied on by the State, would seem ordinarily to be inadmissible except when such testimony tends to solve some controverted issue in the case, or is brought within some exception to the rule which rejects proof of other and disconnected offenses. By another bill of exceptions it is made to appear that after Dr. Cosby was permitted to testify as complained of, the State brought prosecutrix back to the witness stand and by her proved two other acts of intercourse with appellant at times different from that laid in the indictment in this case. This proof was objected to as being a violation of the rule rejecting separate and disconnected offenses, and as not in rebuttal, as explaining no material fact in issue, and as not corroborative of the prosecutrix, etc.

When the State introduces proof of the soreness, irritation or injury of the private parts of an alleged injured female in a case of assault or rape, as corroborative of its claim of an assault, there is authority for the position that the defense may prove prior carnal acts with other persons, or even with the accused, to rebut the probative force of such testimony; but we know of no case holding that the State may prove that the private parts of the girl show a condition which reflects their carnal use prior to the act charged, and then justify the introduction of such testimony upon the proposition that this creates an issue upon which the state might rightfully introduce testimony showing that the accused is also responsible for the prior condition so found. Such proceeding smacks too much of the figurative man of straw, or the more recent smoke-screen or camouflage behind which pretense is the really harmful attack.

Proof of other disconnected crimes is most hurtful, for in the minds of all men arises an inference, following proof of other similar offenses that the accused is, therefore, likely to be guilty in the matter under investigation. From the wisdom and experience of the past rules have grown up rejecting such proof save in case of well understood exceptions. Authorities may be found holding such rules inapplicable if the case be one wherein the charge is an assault or rape upon a female under the age of consent, but the reasoning indulged in these cases seems equally favorable to the letting in of proof of

97 T. C.—4 h

other offenses generally in other transactions, and we have concluded that evidence of other acts is inadmissible except in some case coming within the rules laid down above. See Rosamond v. State, No. 7824, opinion handed down June 18, 1924, and authorities cited. The testimony of Dr. Cosby should not have been allowed, and this is true of that of the prosecutrix when recalled in rebuttal. Nothing had been developed in the defensive testimony warranting the introduction of proof of the condition of the girl's private parts, and such proof could not be made by the State as a predicate for the introduction of other illegal testimony.

When there is misconduct of the jury relied on for a new trial, such as that the verdict was arrived at by lot, and the evidence heard by the court below is conflicting, the settlement of such question, as appears from the conclusion of the trial judge, will rarely be disturbed. Douglass v. State, 58 Texas Crim. Rep., 122; Barber v. State, 64 Texas Crim. Rep., 96; Testard v. State, 26 Texas Crim. App., 260. The issue in such case would seem to be whether there was an agreement on the part of the jurors before they arrived at a quotient verdict that they had bound themselves to abide by such verdict, or, was there a change, or subsequent agreement to this effect after same was reached. Barton v. State, 34 Texas Crim. Rep., 613; Bernard v. State, 87 Texas Crim. Rep., 365, 221 S. W. Rep., 293.

Complaint is made of certain questions because leading. A question is not necessarily leading which may be answered yes or no. It must further appear that it suggests or indicates in some way the desired or expected answer. We do not think the questions objected to in the instant case were leading.

For the admission of the testimony above mentioned the judgment of the trial court will be reversed and the cause remanded.

*Reversed and remanded.*