Roy Neaves v. The State.

No. 12169. Delivered March 13, 1929.
Rehearing denied April 24, 1929.

294

The opinion states the case.

*Wear, Stollenwerak & Wear* of Hillsboro, for appellant.

*William C. Morrow,* County Attorney of Hill County and *A. A. Dawson* of Canton, State's Attorney, for the State.

CHRISTIAN, JUDGE.—The offense is possession of intoxicating liquor for the purpose of sale; the punishment confinement in the penitentiary for two years.

In his amended motion for a new trial appellant alleged that the jury, after having retired to deliberate upon the case, received other testimony. It was averred in the motion that before a verdict had been reached one of the jurors stated to the other jurors that appellant's deceased brother, Oney Neaves, and appellant were bootleggers; that appellant ought not to be entitled to much consideration; that appellant was lazy and would not work. The entire jury testified on the hearing. It appears that the jury had taken one ballot and that it had been unanimously decided that appellant was guilty. One of the jurors testified that prior to the time the statement in question was made he was of the opinion that appellant should re-

ceive a penalty of one year. Other jurors testified that the vote on the penalty from the beginning until a verdict of two years was agreed upon showed that the jury stood for assessing a penalty of from two to five years. Two of the jurors testified that it had been stated in the jury room at a time when there was a disagreement as to the number of years to be assessed that appellant and his deceased brother were bootleggers and that appellant would not work. One of these jurors testified that he had heard that the juror Petty made the statement in question. The other juror testified that he didn't remember who made said statement. Both of these jurors testified that the party making the statement was rebuked and that no further discussion of the matter was indulged in. Petty positively denied that he made any such statement. It is shown from the testimony that none of the jurors made the statement ascribed to Petty. The testimony given by each juror consists either in a positive denial of having made such statement, or of testimony excluding the idea that same was made by him. Ten jurors declared that they did not hear the statement. Some of the jurors testified that it was stated that appellant's brother had died from tuberculosis and that appellant appeared to have it. They further said that someone made the statement that appellant had been unable to work.

We think it is clear that the trial judge was warranted in concluding that the statement was not made. As stated before, the testimony of each juror affords either a denial that he made the statement or definitely excludes the idea that he made such statement. In his Annotated Penal Code, Section 574, Mr. Branch states the rule as follows:

"Where the alleged misconduct is made the subject of diligent investigation by and under the direction of the trial judge and settled in behalf of the state upon conflicting evidence, the decision of the judge will be given as much consideration on appeal as would be given to the verdict of a jury on any other question of fact, and if there is sufficient evidence to justify the action of the trial judge his decision thereon will not be disturbed on appeal unless clearly wrong."

Making application of the rule above announced, we are constrained to hold that no abuse of discretion in overruling the motion for new trial is shown.

The judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

## ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—Appellant forcibly presents and argues his motion, insisting that when one or two jurors assert that certain statements were made in the jury room after retirement, which if made might have affected the penalty inflicted, a new trial should be granted, notwithstanding the other ten jurors appear and testify in effect that such statements were not made. We regret that we can not uphold appellant's contention. Same is not the rule, and plainly ought not to be. While the statute provides that a new trial in a felony case shall be granted when the jury receive other testimony after they have retired to deliberate on the case, still this can only apply and be given effect in a given case when, upon fair judgment of the testimony heard pro and con upon the presentation of the motion, the trial court is warranted in determining that such testimony so heard shows "other testimony" to have been received by the jury. The decision of this issue rests, as others do and must, upon testimony; and if the weight of same be against the conclusion that other testimony was received, it would be as much the duty of the trial court to decline to grant a new trial, as it would be to grant it if the weight of the testimony supported the contention of the accused. Kelly v. State, 95 Texas Crim. Rep. 138; Rosamond v. State, 97 Texas Crim. Rep. 639. In the instant case upon hearing of appellant's motion for new trial, based on the proposition that some one had made in the jury room the statement set up, the twelve jurors testified and stood eleven to one, or at most, ten to two, against the proposition that such statement had been made. The court's decision holding with the majority of the witnesses, was no abuse of his discretion, and we must uphold his action.

The motion for rehearing will be overruled.

*Overruled.*