## EARL RAMSEY V. THE STATE.

No. 21222.   Delivered November 6, 1940.
Rehearing Denied January 8, 1941.

The opinion states the case.

*Dave Watson* and *R. Tuck Chapin,* both of San Antonio, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

GRAVES, Judge.

Appellant was charged by complaint and information with operating an open saloon in Bexar County, and was by the jury sentenced to pay a fine of $500.00.

The only complaint we find in the record is to the effect that this verdict of a $500.00 fine was arrived at by lot, and therefore offends against Art. 753, subdiv. 3, C. C. P., in which is set forth as sufficient grounds for the granting of a new trial the following: "3. Where the verdict has been decided by lot, or in any other manner than by a fair expression of opinion by the jurors."

On the hearing of the motion for a new trial there was but one witness used relative to this manner of a quotient verdict, and we set forth his testimony in full:

"My name is C. H. Coates. I was one of the jurors in the trial of the case of The State of Texas vs. Earl Ramsey, tried in County Court at Law No. 1, of Bexar County, Texas.

"During the deliberations of the jury in fixing the amount of the penalty to be given the defendant the jurors agreed to set down the amount that each and every juror thought the assessment should be, that the amount should be added up and divided by six, and that would be the verdict agreed upon by the jury. After that was done it amounted to $583.00, then we decided to cut off $83.00 and make it even $500.00.

"We didn't know how it was coming out, but we put the amounts down and added it up, then divided it and it came out $583.00, then we made our verdict $500.00 after some little discussion.

### "CROSS EXAMINATION

"Under our agreement we put down the penalty that each juror thought the defendant should get, added it up and divided the amount, and the quotient, after dividing it, would be the penalty to be assessed in this case. We divided the amount and found it was $583.00. Under that agreement we would have rendered a verdict for $583.00. Then some one of the jury, I forget now who it was, said that there was no use having the amount $583.00, make it $500.00. That is after we had divided it up. After we found out that the quotient would be $583.00, somebody said, 'Don't make it $583.00, make it $500.00,' and everybody agreed to that.

"We had already agreed as to the guilt or innocence of the defendant before this proposition of agreement had come up.

"Some of the jurors wanted to give the defendant the limit, $1000.00, and some wanted to give him less. $500.00 was the amount of the verdict finally returned by all of the jurors."

It is noted that the jurors agreed that they would each put down the amount they desired as a fine for appellant, and the total result be divided by the number of jurors, and they would abide by the quotient thus found as their verdict, which agreement resulted in the amount of $583.00, and upon a suggestion of some juror they dropped the fraction of $83.00, and allowed the amount of $500.00 to stand as their verdict. It is seen from juror Coates' testimony that they agreed to abide by the quotient of their total amounts divided by the number of jurors, and substantially did so abide, and in our opinion this constituted a verdict by lot. See Sanders v. State, 78 S. W. 518; Driver v. State, 38 S. W. 1020.

The agreement to abide by the quotient verdict having been entered into by the jurors, it was the duty of the State to show its abandonment. See Duncan v. State, 135 S. W. (2d) 114, and cases there cited. Also see Driver v. State, 38 S. W. 1020. Instead of showing an abandonment thereof, we are impressed with the idea that there was a substantial compliance therewith as shown by the testimony. See Driver v. State, supra; also Spicer v. State, 46 S. W. (2d) 685. We also cite Branch's Penal Code, p. 335, Sec. 656, and authorities there cited.

In our opinion this is shown to be a verdict by lot, or a quotient verdict, and the trial court should have granted a new trial herein.

The judgment is reversed and the cause remanded.

MOTION FOR REHEARING.

BEAUCHAMP, Judge.

The district attorney of Bexar County has filed a very insistent motion for rehearing in this cause in which there are set up two propositions of law based on the exceptions sustained in the original opinion.

First, it is contended that the evidence on the appellant's motion for a new trial not having been filed before the term of court adjourned, the matter of jury misconduct was not properly before this Court and that, therefore, this court should have affirmed the judgment of the trial court. This contention was followed by a discussion of a long line of authorities, including Hart v. State, 218 S. W. 1054; Salazar v. State, 225 S. W. 528; Crowley v. State, 242 S. W. 472; Ash v. State, 245 S. W. 927; Anderson v. State, 246 S. W. 376; Mathews v. State,

249 S. W. 1072; Atwood v. State, 257 S. W. 563; and Navarro v. State, 257 S. W. 883.

These cases did so hold, but subsequently thereto the Thirty-ninth Legislature at its first called session enacted into law House Bill Number 360, Chapter 8, page 12, approved on October 14, 1926, which specifically changes the statute on which the foregoing authorities rest. (See Article 760a and 760b, Vernon's Code of Crim. Proc., pocket supplement of Volume 3. Also McBride v. State, 7 S. W. (2d) 1091.) Therefore, they are no longer authority for the contention made by the district attorney.

The second proposition asserted challenges the conclusions reached in the opinion reversing this case and asserts that where a quotient verdict has been taken and the jury fails to accept or agree upon the quotient arrived at, but thereafter changes same and agrees upon a different penalty, that the trial court did not abuse its discretion in holding that the verdict was not decided by lot.

It must be admitted that the question here raised is one upon which this Court has at times had varied opinions; however, the last expression seems to be found in Spicer v. State, 120 Texas Crim. Rep. 440; 46 S. W. (2d) 685, in which Judge Morrow holds contrary to some of the prior opinions cited by the district attorney in his motion. To the extent that such opinions are contrary they must be held to have been modified by the Spicer opinion. Mr. Branch in his appreciated work, at page 335, Sec. 656, considers the subject, citing a number of authorities, in the following language: "If the jurors agree beforehand to be bound by and to abide by the result of striking an average of their respective opinions as to the amount of the punishment, a new trial should be granted although a slight change was made in such result, such as dropping a fraction. Hunter v. State, 8 Texas Crim. App. 79. Wood v. State, 13 Texas Crim. App. 138. Driver v. State, 37 Texas Crim. Rep. 164; 38 S. W. 1020. White v. State, 37 Texas Crim. Rep. 651; 40 S. W. 789. Good v. State, 67 S. W. 102. Sanders v. State, 45 Texas Crim. Rep. 518; 78 S. W. 518. Brookman v. State, 50 Texas Crim. Rep. 277; 96 S. W. 928."

An unerring statement is made by this Court in Leverett v. State, 3 Texas App. 213, saying, "a verdict * * * should be the result of reason, deliberation, and honest conviction, and not the offspring of chance or accident." Whatever ill-advised action a jury may take in considering a verdict it must be admitted that they have the power to lay aside mechanical methods and

fairly express the judgment of all the jurors. When and if this is done, a legal verdict may be returned. On the other hand if those methods denounced by statute are employed, the jury cannot say that we will accept this as a basis, cling to it as a verdict and by any modification polish it up so as to make it appear to be a fair expression of the free and untrammeled judgment of the jurors. If such is done the verdict cannot stand.

As said by Presiding Judge Hawkins in Duncan v. State, 135 S. W. (2d) at page 114 (concurring opinion), "If the majority vote had been taken for the purpose of reaching some basis for further discussion by the jury, we would have a different question."

The vice in the case before us lies in the fact that the jury, according to the only witness called, agreed to abide by the quotient which resulted in the fine of Five Hundred Eighty-Three ($583.00) Dollars. They did not set this aside and use that as a basis for further discussions, but "decided to cut off $83.00 and make it even $500.00." The amount taken off is immaterial. The remainder is not, "the result of reason, deliberation and honest conviction," but is the "offspring of chance," as denounced in Leverett v. State, supra. The statute forbidding a quotient verdict was overlooked and it is our duty to give it effect.

The motion for rehearing is overruled.