MANSE JOHNSON v. THE STATE.

No. 2672.   Decided November 5, 1913.

**1.—Murder—Manslaughter—Sufficiency of the Evidence.**

Where, upon trial of murder and a conviction of manslaughter, the evidence sustained the conviction, there was no error.

**2.—Same—Misconduct of Jury—Statement of Facts.**

Where the statement of facts of the evidence heard upon the motion for new trial on account of the misconduct of the jury was not filed during the term of the trial court, the same could not be heard on appeal. Following Probest v. State, 60 Texas Crim. Rep., 608, and other cases.

Appeal from the District Court of Madison.   Tried below before the Hon. S. W. Dean.

Appeal from a conviction of manslaughter; penalty, four years imprisonment in the penitentiary.

The opinion states the case.

*T. J. Ford* and *Carl Harper* and *Dean, Humphrey & Powell* and *Fisher & Fisher,* for appellant.—On question of filing statement of facts on misconduct of jury: Act of Thirty-second Legislature, p. 268, sec. 7.

*C. E. Lane,* Assistant Attorney-General, for the State.—Cited cases in opinion.

PRENDERGAST, PRESIDING JUDGE.—Appellant was convicted of manslaughter and his punishment fixed at four years confinement in the penitentiary.

In some of the grounds of appellant's motion for new trial he complains that the evidence is insufficient to sustain the verdict. However, he does not present this matter in his brief. We have read the statement of facts. The proof by the State is sufficient to show practically an unprovoked killing of deceased by appellant, and that he shot at him as many as four times and hit him three times. As soon as he shot at him the first time the deceased ran, pleading that he shoot him no more, but appellant pursued him and shot him twice more. The evidence is amply sufficient to sustain the verdict.

In his motion for a new trial and supplemental motion, appellant complained of what he alleged was misconduct of the jury in some particulars. The State resisted this and made a motion to strike out appellant's supplemental motion setting up these grounds because it was filed too late. The record shows clearly that the court heard considerable evidence as to these matters in hearing and ruling upon the motions for new trial, and that after hearing all the evidence he overruled the motion. There is in the record what purports to be a statement of facts as to this evidence. The term of the court at which the trial occurred adjourned on May 17, 1913; this purported

statement of facts on the hearing of said motion appears not to have been agreed to, and approved by the court until July 1, 1913, and filed the next day. The Assistant Attorney-General objects to the consideration of this purported statement on the ground that it was not fIled until long after the adjournment of the court and under the law, in order to be considered, it must be filed during the term of court. The Assistant Attorney-General's objections are well taken, and under the uniform and repeated holdings of this court, this statement can not be considered. It is useless to cite all the cases but see Probest v. State, 60 Texas Crim. Rep., 608; Knight v. State, 66 Texas Crim. Rep., 335, 144 S. W. Rep., 967; Vick v. State, 71 Texas Crim. Rep., 50, 159 S. W. Rep., 56.

There are no other questions presented. The judgment will be affirmed.

*Affirmed.*