### Elias Wiley v. The State.

#### No. 3879. Decided January 5, 1916.

1.—Murder—Misconduct of Jury—Practice on Appeal.

Where the alleged statement of facts, with reference to the misconduct of the jury on motion for new trial, was not approved and filed before the adjournment of the court at which defendant was tried, the same can not be considered on appeal. Following Lucas v. State, 69 Texas Crim. Rep., 269, and other cases.

2.—Same—Sufficiency of the Evidence.

Where, upon trial of murder, the conviction was sustained by the evidence, although conflicting, there was no reversible error.

Appeal from the District Court of Walker. Tried below before the Hon. S. W. Dean.

Appeal from a conviction of murder; penalty, five years imprisonment in the penitentiary.

The opinion states the case.

*A. T. McKinney, Jr.,* for appellant.—On question of misconduct of jury: Mitchell v. State, 36 S. W. Rep., 456; Tuller v. State, 58 Texas Crim. Rep., 571, 126 S. W. Rep., 1158.

*C. C. McDonald,* Assistant Attorney General, and *J. A. Platt,* District Attorney, for the State.

DAVIDSON, Judge.—Appellant was convicted of murder, his punishment being assessed at five years confinement in the penitentiary.

Two propositions are submitted for reversal, first, want of sufficient evidence to sustain the conviction, and, second, misconduct of the jury. The misconduct of the jury would present a serious question if embodied in the record in such manner as to be considered. Court adjourned on the 18th of October; motion for new trial was overruled October 1st; sentence was passed on October 2nd; bills of exceptions to the action of the court overruling motion for new trial and embodying the facts in connection with the alleged misconduct of the jury were filed November 3rd. This was about two weeks after court adjourned. The authorities seem to be harmonious that the statement of facts with reference to matters occurring on motion for new trial must be approved and filed before the adjournment of court. This was not done in this case until fully two weeks after adjournment of court. No reason is shown why said evidence was not filed earlier. Following the unbroken line of authorities this question will not be reviewed, some of which are here cited: Lucas v. State, 69 Texas Crim. Rep., 269, 155 S. W. Rep., 527; Knight v. State, 64 Texas Crim. Rep., 541, 144 S. W. Rep., 967; Bailey v. State, 65 Texas Crim. Rep., 1, 144 S. W. Rep., 996; Johnson v. State, 71 Texas Crim. Rep., 620, 160 S. W. Rep., 695; Probest v. State, 60 Texas Crim. Rep., 608, 133 S. W. Rep., 263; Black v. State, 53 S. W. Rep., 116.

As to the sufficiency of the evidence, it may be stated there is conflict as is usual in homicide cases of this character. The evidence for the State, we think, is sufficient to sustain the verdict of the jury. It would serve no useful purpose to give the substance of the testimony or enter into a detailed statement of it. As the record presents the case we are of opinion the judgment should be affirmed, and it is accordingly so ordered.

*Affirmed.*