WILL MASON v. THE STATE.

No. 5057.    Decided June 5, 1918.

1.—Murder—Motion for New Trial—Evidence—Practice on Appeal.

Evidence heard on the motion for a new trial with reference to the separation of the jury, a statement of which was not filed during the term time, can not be considered on appeal.

2.—Same—Continuance—Bill of Exceptions—Motion for New Trial.

In the absence of a bill of exceptions to the overruling of an application for continuance, the matter can not be considered on appeal, although a bill of exceptions was reserved to the action of the court overruling the motion for new trial which set out the application for continuance.

Appeal from the District Court of Trinity. Tried below before the Hon. E. A. Berry.

Appeal from a conviction of murder; penalty, seven years imprisonment in the penitentiary.

The opinion states the case.

No brief on file for appellant.

*E. B. Hendricks,* Assistant Attorney General, for the State.

DAVIDSON, PRESIDING JUDGE.—Appellant was convicted of murder, his punishment being assessed at seven years confinement in the penitentiary.

In the statement of facts is found evidence with reference to the separation of the jury. The statement of facts was approved on the 17th of April, the court having adjourned some time before that date. The evidence with reference to the separation of the jury, under a long line of decisions, can not be considered. In order to have this character of evidence considered it must be filed during term time.

We are impressed that the application for continuance does not show diligence. The indictment was returned on the 3rd of August, 1917. The process for the witnesses was not issued by the defendant until February 4, 1918. The judgment was entered on February 8, 1918. This would not indicate diligence. There is no reason shown why process was not issued earlier. The testimony seems to have been known to appellant at least at the time of the homicide, and some of it prior to the homicide. Exception was not taken to the overruling of the application for continuance, unless it be considered in the bill of exceptions reserved to the overruling of the motion for new trial. The application for continuance is set out in the motion for new trial as well as in the previous part of the record, and the bill was reserved to the action of the court overruling the motion for new trial. The decisions are to the effect that a bill of exceptions reserved to the action of the court overruling the motion for new trial does not add any strength to it. The evidence, we think, is sufficient to support the conviction.

The judgment will be affirmed.

*Affirmed.*