## SMITH v. TEXAS POWER & LIGHT CO.
### (No. 1305.)

(Court of Civil Appeals of Texas. Amarillo. Oct. 23, 1918.)

1. STATUTES ☞225¾—CONSTRUCTION—ADOPTION AFTER CONSTRUCTION BY COURTS.

Rev. St. art. 2021, authorizing impeachment of verdict on motion for new trial, by testimony of jurors as to their misconduct, will be held to have been adopted with the construction, previously placed by the Court of Criminal Appeals on a similar statute for criminal cases, that the issue was not one in the main case tried before the jury, and therefore that the evidence thereon must be preserved by bill of exceptions or statement of facts filed in term time.

2. APPEAL AND ERROR ☞564(2) — EXCEPTIONS, BILL OF ☞38—STATEMENT OF FACTS —EVIDENCE ON MOTION FOR NEW TRIAL— TIME OF FILING.

Rev. St. art. 2073, giving, on appeal from judgment, time beyond the term in which to prepare and file statement of facts and bill of exceptions, does not apply to testimony taken on

motion for new trial for misconduct of jury, which must be preserved by bill of exceptions or statement of facts filed in term time.

3. HIGHWAYS ⊜⇒184(2)—FRIGHTENING TEAM.
Verdict for defendant, in action based on claim that plaintiff's team which ran away was frightened by articles which defendant had piled on the road, *held* supported by evidence.

Appeal from District Court, Hunt County; Wm. Pierson, Judge.

Action by R. N. Smith against the Texas Power & Light Company. Judgment for defendant, and plaintiff appeals. Affirmed.

R. L. Porter and Evans & Shields, all of Greenville, for appellant. O. C. Mulkey, of Commerce, and Clark & Sweeton, of Greenville, for appellee.

HUFF, C. J. This case was transferred by order of the Supreme Court, from the Court of Civil Appeals of the Fifth District, sitting at Dallas, to this court. While the record was before that court the appellee, the Texas Power & Light Company, made a motion to strike out the bill of exception No. 1, contained in the transcript, which bill appears to have been taken to the action of the court in overruling appellant Smith's motion for new trial and to preserve exception to the action of the court thereon. To the bill is attached the testimony of several witnesses in narrative form, which is shown to have been made and signed by the court stenographer, which appears to have been filed as a part of the bill of exception, some 80 days after adjournment of court. The trial judge marked the bill "Approved," and ordered it filed. Before the case was transferred to this court, the Dallas court sustained the motion to strike out the bill, and also overruled the motion for rehearing thereon. In this court the appellant makes a motion to reinstate the bill, the submission of which we took to be considered on the submission of the main case. The Dallas court, in passing on the motion, did not write an opinion. The ground of the motion for new trial to which the evidence in the bill is addressed is to the effect that one juror had prejudice against suits on claims for damages of this kind, and that he concealed that fact when examined on his voir dire, and led the other jurors in opposition to a verdict for appellant; and it is asserted in the motion that the juror's prejudices were not ascertained until after the trial. The evidence attached to the bill of exceptions was directed to the issue so presented by the motion, and perhaps to other issues raised by the motion.

[1, 2] The appellant obtained an order of court giving him 90 days after adjournment of court within which to prepare and file statement of facts and bills of exception. The bill was filed within the time granted by the order. It is the contention of appellant that the bill was filed within proper time,

under article 2073, Rev. Civ. St., which provides:
"When an appeal is taken from the judgment rendered in any cause, in any district or county court, the parties to the suit shall be entitled to, and they are hereby granted, thirty days after the * * * adjournment of court, in which to prepare or cause to be prepared and to file a statement of facts and bills of exception; and upon good cause shown the judge trying .the cause may extend the time in which to file a statement of facts and bills of exception."

The court of Criminal Appeals has constantly held that a statement of facts taken on an issue presenting the misconduct of the jury in reaching a verdict must be filed in term time, notwithstanding the statute authorizing the filing after adjournment. The reason for so holding is stated by Mr. Justice Ramsey, while on the Court of Criminal Appeals, in the case of Probest v. State, 60 Tex. Cr. R. 608, 133 S. W. 263:
"Since the decision of this court in the case of Black v. State, 41 Tex. Cr. R. 185, 53 S. W. 116, it has been uniformly held that the provisions of our statutes, both civil and criminal, with regard to the preparation and filing of statement of facts for appeal, have reference only and exclusively to a state of facts adduced upon the merits of the case before the jury or the court, as the case may be, and that our statutes have no reference to issues of fact formed on grounds set up in motion for new trial, and that the facts as to such issues, in order to be entitled to consideration on appeal, must have been filed during the term. This rule has since been followed by this court in many cases."

It was said in the Black Case, supra:
"These matters must be made part of the record during the term of court. There is no statute authorizing such matters to be perpetuated in papers filed subsequent to the term."

That court as now constituted still adheres to the rule so established. See Knight v. State, 64 Tex. Cr. R. 541, 144 S. W. 980, 981; Wiley v. State, 78 Tex. Cr. R. 406, 181 S. W. 728; Reyes v. State, 196 S. W. 533, see also, this case for a long list of authorities cited; Miles v. State, 200 S. W. 158; Gates v. State, 200 S. W. 397. In so far as we have been able to ascertain, except in this case, none of the Courts of Civil Appeals, or the Supreme Court, have passed upon this direct question. A casual reading of the statute with reference to preparing and filing bills of exceptions will lead an attorney preparing his case for appeal to the belief that he could file his exceptions within the time stated by article 2073, above quoted. The able jurists who have occupied the Court of Criminal Appeals, however, have established the rule in that court to the contrary. It has, from the beginning our criminal procedure, been the rule by statute, that the verdict of the jury could be assailed for misconduct of the jury or any member thereof by motion for new trial, together with evidence thereof, thereby raising an issue to be tried by the court upon evidence introduced before him. Acts 1905, p. 21, amended the civil statutes, by adding thereto what is now R. C. S. art. 2021, in

⊜⇒For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

relation to misconduct of the jury as grounds for a new trial. Prior thereto the courts of this state had passed upon numerous attacks made upon verdicts supported by affidavits or testimony of jurors setting up irregularities of different kinds and had uniformly denied the competency of such testimony. The courts recognize that in such procedure there was no such rule by statute. See Railway Co. v. Ricketts, 96 Tex. 68, 70 S. W. 315 (2). The Legislature did not see proper to alter the rule established by the courts until 1905.

The Code of Criminal Procedure (article 817, subdivisions 7 and 8, White's Code of Criminal Procedure) permits evidence of misconduct upon motion for new trial and such has been the statute in criminal cases from an early day. It will be seen from an examination of the decisions of the Court of Criminal Appeals that it has uniformly held that the evidence taken to impeach the verdict was held to be upon an issue not an issue in the main cause tried before the jury, and, as no statute fixed the time when the statement of facts so made could be filed, that such statement must be filed in term time. This was the holding of the Court of Criminal Appeals construing the article of the Penal Code, when the Legislature ·saw proper to change the rule established by the courts with regard to impeaching the verdict of the jury in civil cases, giving substantially the same rights in civil as in criminal cases, and the right to hear evidence from the jurors by the trial court. The case of Black v. State, 41 Tex. Cr. R. 185, 53 S. W. 116, was decided October 25, 1899, announcing the rule when the statement or bill of exceptions should be filed of the evidence taken on the trial of the issue raised by the motion for new trial. The courts having placed such construction on a similar statute, the presumption will prevail that the Legislature, when it amended the civil statute, did so knowing the construction which would be given such proceedings on motions for new trial in civil cases. It is fair to presume that the members of the Legislature were advised of the construction which the Court of Criminal Appeals had placed upon the statute, the language of which is substantially the same as that of the amendment passed, and we may presume the legislators intended that the amendment to the civil statute should receive the same construction in civil cases. Johnson v. Hanscom, 90 Tex. 321, 37 S. W. 601, 38 S. W. 761.

Article 2073 gives the appellant from the judgment in any cause 30 days in which to file a statement of facts therein, etc. This statute and former statutes with reference to statements of facts are substantially the same, with the exception that the time for filing is extended. A motion for new trial, based on misconduct of the jury, is after the judgment in the cause, and raises a different issue, is heard by the court, instead of a jury, and hence the Court of Criminal Appeals holds the statement of facts on such motion is not the statement of facts proven before the judgment in the main cause, and therefore the extension of time does not apply to the evidence taken upon the motion. This rule having been established and followed by a long line of decisions, which was the rule and construction when the civil statute was amended, we think it was intended that the statute in civil courts should receive the same construction. The motion to reinstate the bill of exceptions will therefore be overruled.

The first and second assignments of error are based upon the action of the court in overruling the motion for new trial, founded upon the evidence showing misconduct of the jury. As the evidence of this alleged misconduct has been stricken out, there is nothing in the record showing error, and the assignments fall with the bill of exceptions.

[3] The third assignment asserts that the court erred in refusing a new trial, because the verdict of the jury is contrary to, and not supported by, the evidence. Appellant alleged that appellee company owned and operated a line for the transmission of an electric current; that in constructing its lines it used large spools to handle and transport wires so used, and after removing the wire from the spools the company negligently stacked a great number in and upon the public road in such manner as was reasonably calculated to frighten horses of ordinary gentleness, passing same on the road; that his team became frightened at the spools so placed, and ran with the wagon on which appellant was riding into a ditch, turning the wagon over, and upon him, and inflicting the injuries of which he complains. The evidence is sufficient, we think, to show that the mules were not safe, but ran away on more than one occasion previous to the one in question; that they had been frightened and ran at the point where the accident occurred on a previous occasion to the one in question, and that on that occasion they took fright and ran from a passing auto at the same point. The evidence shows, or was sufficient for the jury to find, that on the occasion in question an auto passed the team, and that they took fright at the auto, which caused them to run, and that it was not at the spools, as alleged. It was also sufficient to authorize the jury to find that appellant knew the disposition of the mules in that particular, and that he drove them at the time with weak or rotten lines, one of which broke at the time of the accident. It is sufficient to show that appellant was negligent in so handling the mules, which negligence contributed to his injury. The verdict of the jury has ample evidence, we believe, to support it.

The judgment will be affirmed.