CANDELARIO SALAZAR V. THE STATE.

No. 5978.   Decided November 24, 1920.

**1.—Murder—Sufficiency of the Evidence.**

Where, upon trial of murder, the evidence although circumstantial, was sufficient to sustain .the conviction, there is no reversible error.

**2.—Same—Jury and Jury Law—Peremptory Challenges—Bill of Exceptions.**

In the absence of bills of exception to overruling an objection to jurors, presented in the motion for new trial, the same will not be considered on appeal; besides, the motion does not show that appellant exhausted his peremptory challenges.

**3.—Same—Jury and Jury Law—Qualification of Juror.**

Where, the defendant objected, as urged in motion for new trial, that a juror had expressed himself as unfavorable to him, in stating that if he were taken upon the jury he would break defendant's neck, but the record showed that the statement of facts bearing upon the conduct of the juror was filed long after the adjournment of the trial court, the same cannot be considered; besides, there was no error in refusing to grant a new trial for that reason, if the record were considered.

Appeal from the District Court of Victoria.   Tried below before the Honorable John M. Green.

Appeal from a conviction of murder; penalty, death.

The opinion states the case.

No brief on file for appellant.

*Alvin M. Owsley,* Assistant Attorney General, for the State.—On question of jury and jury law: Hays v. State, 204 S. W. Rep., 230,

DAVIDSON, PRESIDING JUDGE.—Appellant was convicted of murder. his punishment being assessed at death.

The case is one of circumstantial evidence. In view of the testimony we would not feel justified in reversing because the verdict is not sustained by the evidence. The circumstances are of a cogent nature and of sufficient strength we think to show that the verdict of the jury is supported by the evidence.

In the motion for new trial there is an attack made upon two or three of the jurors who sat in the case. There are no bills of exception reserved to the action of the court in this matter, and further passing upon it we call attention to the fact that even the grounds of the motion for new trial do not show that appellant exhausted his peremptory challenges, and there is nothing stated in the motion showing that he did so exhaust his peremptory challenges; but. in any event these matters would be of no avail to appellant without

88 Tex.—14

bills of exception setting out the facts in connection with overruling his grounds of challenge, or whatever reasons may have suggested themselves as grounds of objection to the jurors.

It was urged in motion for new trial that another juror had placed himself as unfavorable to appellant in stating that if he was taken upon the jury he would break the Mexican's neck. Testimony was taken upon this matter by the court, but the statement of facts bearing upon it was filed long after the adjournment of court, and, therefore, cannot be considered. The authorities are harmonious and uniform to the effect that where questions of fact are raised by the motion for new trial, the evidence taken upon such grounds must be perpetuated either in bill of exceptions or in statement of facts filed during the term; that such matters cannot be considered if filed in vacation. We have looked, however, at the evidence in regard to this juror especially and are of opinion that the court was not in error in refusing to grant the new trial for that reason. The juror's evidence is to the effect that he had the conversation and made the statement in part as set out, but his version of it is, in speaking of it, that he stated if the evidence showed that appellant was guilty he would break his neck, and that he was in the habit of talking that way about murder cases generally, and that it was well known even to the lawyers who practiced at the bar in Victoria. He states that he went upon the trial without prejudice against defendant, or without knowing anything about the facts, and that he had no prejudgment with reference to the case, but that he did state and would continue to state, not only with reference to defendant but any defendant, that where the facts justified he would award the death penalty. The facts show a deliberate assassination of the deceased, and a very careful hiding of the body, and considerable ingenuity in covering up evidences of his connection with the killing It might be entertaining to narrate the facts, but it would serve no practical purpose, outside of the fact that it might be entertaining reading. We think the evidence was sufficient to show that appellant was the guilty party, and there is some evidence which leads to the conviction and may have induced the jury to believe it was done for the purpose of robbery. This view of it is not without support in the testimony.

Finding no reversible error in the record we are of opinion the judgment should be affirmed and it is accordingly so ordered.

*Affirmed.*