### Jesse Garrett v. The State.

No. 7062. Decided June 14, 1922.

Rehearing Denied October 11, 1922.

1.—Theft—Jury and Jury Law—Marriage Relation—Statement of Facts.

Where the alleged statement of facts with reference to the disqualification of a juror should have been filed during term time, it cannot be considered by this court, regardless of the extension of time by the trial court. Following Zalazar v. State, 88 Texas Crim, Rep., 209, and the same rule controls bills of exception. Following Wiley v. State, 78 Texas Crim. Rep., 408 and other cases.

2.—Same—Rehearing—Jury and Jury Law—Bill of Exceptions.

In addition to the ground that the statement of facts and bills of exception were not filed in term time, the record showed that no examination was made by the alleged juror with reference to his marriage relations, to the party injured, the question being raised after trial, same comes too late for revision. Following Templeton v. State, 57 S. W. Rep., 831.

Appeal from the District Court of Gillespie. Tried below before the Hon. J. H. McLean.

Appeal from the District Court of Gillespie. Tried below before ment in the penitentiary.

The opinion states the case.

*E. J. Dalrymple,* and *Wilburn Oatman,* for appellant.—Cited Stringfeller v. State, 42 Texas Crim. Rep., 588.

*R. G. Storey,* Assistant Attorney General, for the State.

HAWKINS, Judge.—Conviction is for theft of property of more than fifty dollars in value, with punishment of four years confinement in the penitentiary assessed.

No statement of facts accompanies the record and appellant seeks a reversal of the judgment upon one issue alone. He complains in his motion for new trial that one of the jurors was related by marriage to the party from whom appellant is charged with having stolen the property; that upon inquiry of said juror on his *voir dire* he answered that he was not so related; that appellant only discovered the existence of such relationship after the trial. This allegation necessarily raised an issue of fact to be determined by the trial court upon the hearing of the motion. The bill of exception stating what the agreed evidence upon the hearing was filed in the court below on May 3, 1922. The term of court at which the trial occurred adjourned March 4, 1922. Appellant was granted sixty days after adjournment of court in which to prepare and file bills of exception and statement of facts, but it is insisted by the assistant attorney general that the bill presenting the matter complained of should have been filed within term time and can not be considered by us, regardless of the extension of time by the court. In Salazar v. State, 88 Texas Crim. Rep., 209, 225 S. W. Rep., 528, Judge Davidson, speaking for the court, says: "The authorities are harmonious and uniform to the effect that where questions of fact are raised by the motion for new trial, the evidence taken upon such ground must be perpetuated either in bills of exception or statement of facts filed during term time; that such matters can not be considered if filed in vacation."

The following authorities support the proposition announced in the foregoing case. In some of them the point is made that a different rule obtains where the matters are presented by bill of exception instead of by statement of facts; but wherever raised it has been held that the same rule controls regardless of how the matter is attempted to be brought forward, provided the motion for new trial raised an issue of fact. Wiley v. State, 78 Texas Crim. Rep., 406, 181 S. W. Rep., 728; Lucas v. State, 69 Texas Crim. Rep., 269, 155 S. W. Rep., 527; Knight v. State, 64 Texas Crim. Rep., 541, 144 S. W. Rep., 980; Bailey v. State, 65 Texas Crim. Rep., 1, 144 S. W. Rep., 996; Johnson v. State, 71 Texas Crim. Rep., 620, 160 S. W. Rep., 695; Probest v. State, 60 Texas Crim. Rep., 609, 133 S. W. Rep., 263; Black v. State, 41 Texas Crim. Rep., 185, 53 S. W. Rep., 116. The contention of the assistant attorney general must be sustained.

There being no statement of facts, and no bill of exception which we can consider, the presumption as to the legality of the conviction controls, and the judgment of the trial court must be affirmed.

*Affirmed.*

ON REHEARING.

October 11, 1922.

LATTIMORE, JUDGE.—In his motion for rehearing appellant insists that we erred in holding that the trial court committed no

error in refusing to grant him a new trial because of the alleged dis-. qualification of the juror Baag.   We disposed of this matter correctly we think in the original opinion on the ground that the bill of exceptions attempted to present matters of fact adduced before the court upon the hearing of the motion for new trial, and said bill of exceptions was not approved during term time.   In addition to said ground, the case might have been further decided upon the proposition that if it be granted that said juror was disqualified, no examination was made of him by appellant upon his *voir dire*.   In such case this court has held where the accused asks no questions, and makes no examination of the juror upon his *voir dire*, that he waives any such objection.   In Templeton v. State, 57 S. W. Rep., 831, the same ground of disqualification of the juror was urged as is here insisted upon, that is that said juror was related to the injured party within the third degree and that the relationship was not known to the accused until after the trial.   This court said in its opinion:   "If appellant accepted the juror with knowledge of such relationship, or if he accepted him without inquiring in regard thereto, he could not be heard to complain.   The affidavits do not disclose that he made any effort to ascertain any relationship of the juror to the prosecuting witness.   Failing to make inquiry in reference to this matter, it is too late after verdict to go into the question in order to show relationship."

A number of authorities are cited in support of this proposition. The motion for rehearing will be overruled.

*Overruled.*