SAVANAH BANK v. THE STATE.

No. 7171. Decided January 31, 1923.

Rehearing denied October 17, 1923.

1.—Manslaughter—Evidence—Contradicting Witness.

Where the State claimed that certain witnesses had testified on the trial that two days before the homicide they heard deceased make threats to kill the defendant, and were asked on cross-examination if they had not made written statements on the day after the homicide in which they denied

having heard deceased make any threats against defendant, and the State was permitted to show that the latter statement made by the witnesses was in fact so made, there was no error, although these statements were not made in the presence of defendant, etc.

**2.—Same—Transcript—Bills of Exception—Statements of Facts.**

Great care should be exercised by trial judges in the examination of bills of exception to see that they reflect the proceedings as they occurred, as these control the statement of facts.

**3.—Same—Aggravated Assault—Charge of Court.**

In the absence of testimony raising the issue of aggravated assault, there was no reversible error in refusing requested charges thereon.

**4.—Same—Newly Discoverd Evidence.**

Where the alleged newly discovered testimony was refused by the court in overruling the motion for a new trial, there is no reversible error in the absence of a showing of abuse of discretion in such ruling.

**5.—Same—Rehearing—Motion for New Trial—Affidavit—Nunc Pro Tunc.**

No authority is given to direct the filing of a statement of the evidence heard on motion for a new trial after the time expires, that is, after the term of court expires, and no order of court to file the same *nunc pro tunc* is authorized. Following Thompson v. State, 83 Texas Crim. Rep., 18, and other cases.

**6.—Same—Court Stenographer—Statement of Facts.**

The law permitting the statement of facts or the data therefor to be prepared by the court stenographer is not exclusive of that method, and such statement may be prepared independent of the transcript or the notes of the official shorthand reporter.

**7.—Same—Statement of Facts—Motion for New Trial.**

Where the statement of facts, taken during the hearing of a motion for a new trial, is filed about seventy days after the close of the term at which same was tried, the same cannot be considered on appeal; besides, the stenographers notes in question and answer form cannot be considered. Following Choate v. State, 59 Texas Crim. Rep., 266, and other cases; moreover, the so-called newly discovered evidence did not come within the scope of the rule.

**8.—Same—Rehearing—Practice on Appeal.**

Where no question is raised, which has not already been considered, the second motion for a rehearing is denied.

Appeal from the District Court of Galveston. Tried below before the Honorable Robert G. Street.

Appeal from a conviction of manslaughter; penalty, four years imprisonment in the penitentiary.

The opinion states the case.

*Marsene Johnson, E. T. Branch, Elmo Johnson, Roy Johnson* and *Marsene Johnson, Jr.,* for appellant. On question of newly discovered evidence, Bell v. State, 2 Texas Crim. App., 217; Lindley v. State, 11

id., 287; Sebastian v. State, 39 S. W. Rep., 680; Russell v. State, 242 id., 217.

*R. G. Storey,* Assistant Attorney General, for the State.

LATTIMORE, Judge.—Appellant was convicted in the District Court of Galveston County of manslaughter, and her punishment fixed at four years in the penitentiary.

The parties to this killing were both negro women between whom there appears from the record, to have been trouble prior to the fatal difficulty. According to the State's testimony, on the night charged appellant came to the immediate neighborhood of where deceased made her home, and walked up and down for quite a while awaiting the coming of deceased, appellant having a pistol in her hand wrapped in a towel. When deceased appeared a wordy war ensued between the two followed by a shot from the pistol in appellant's hand. Deceased died in a very few minutes, being shot in the breast.

In appellant's brief three matters are assigned as error, it being insisted first, that it was erroneous to permit the State, over objection, to ask two witnesses for appellant, on cross-examination, if they had not made written statements shortly after the homicide, at variance with their testimony as given upon the trial. It is stated in the bill of exceptions presenting this matter that each of these witnesses had testified on the trial that two days before the homicide they heard deceased make threats to kill appellant; that upon cross-examination they were asked if they had not made written statements on the day after the homicide, in which they denied having heard deceased make any threats to kill appellant. It also appears that the objections made by appellant to said questions were overruled and that said witnesses answered, and that thereafter the assistant county attorney was placed upon the stand as a witness for the State and testified, over objection, that said witnesses made a written statement the day after the homicide in which they denied having heard deceased threaten to take the life of appellant. The objections made were without merit. The fact that the statements made by the witnesses which were used for purposes of impeachment, were not made in the presence of the defendant, and that she was given no opportunity to cross-examine said witnesses at the time they made said statements, and that she was not being confronted by said witnesses at the time they made said statements used as impeachment, and that said statements were not made on any examining or *habeas corpus* trial but were made privately to the assistant county attorney, are non valid grounds of objection. It is a well known rule that witnesses may be impeached by proof of prior in-

consistent or contradictory statements made by them at variance with those given upon the trial, and we know of no authority holding good the objections to proof of the making of such contradictory statements, such as those here presented. The bill of exceptions approved by the trial court is wholly at variance with the statement of the facts. Said bill states that the witnesses Menda White and Mattie Williams were asked certain questions and answered, and that the assistant county attorney took the witness stand and testified that Menda White and Mattie Williams did make certain written statements. It fails to appear from the statement of facts that Mattie Williams was asked any such question, or that the assistant county attorney attributed any such testimony or contradiction to the witness Mattie Williams. Great care should be exercised by trial judges in the examination of bills of exception to see that they reflect the proceedings as they occurred. The general rule adhered to by this court is that we accept the statements in bills of exception in preference to those appearing in the statement of facts upon the hypothesis that the attention of the trial court had been specifically directed to the facts contained in such bills of exception, and that they have the approval of the court below after critical examination.

Appellant also complains of the refusal of the trial court to instruct the jury upon aggravated assault. This error is not discussed in appellant's brief and no authorities are submitted, and indeed none are known to us upon which can be based the proposition that one who takes the life of another with a pistol by shooting, from the effect of which shot death results, there being no testimony indicating any other purpose on the part of the accused except to take life, may demand a charge on aggravated assault. We have examined the testimony in the instant case and find nothing in the record suggesting the propriety of a charge allowing the jury to reduce the offense of appellant, if any, to aggravated assault. Appellant claimed to have shot in self-defense, her theory of the difficulty being that deceased had previously threatened to take her life, and that on the occasion in question deceased called her from her house into the street, and came rushing toward her with a knife in her hand, cursing her as she came, and that when she got near to the appellant, that a shot was fired by the latter in self-defense. The charge of the court submitted the law of self-defense, of manslaughter and of murder.

Appellant made a motion for a new trial based in part upon newly discovered evidence, same consisting of the affidavit of Sadie Williams that she was present at the time of the shooting and heard deceased sa· a short time before the homicide that she was going to kill appellant. It is made to appear from the record that Sadie Williams was in jail with appellant after she was convicted herein,

and also that said Sadie Williams was in jail at the time the supporting affidavit referred to, was made. The county attorney filed a controversy of the grounds of appellant's motion for new trial, and with reference to the testimony of Sadie Williams contained in said affidavit, averred that Sadie Williams was under indictment for perjury and that she had been indicted for other offenses, and that her testimony was unworthy of belief. These controverting assertions were supported by proof. In passing upon any motion for new trial calling in question the propriety of granting same for the purpose of obtaining testimony which was not had upon the original trial, the trial courts are called upon to consider the proposition as to whether or not the presence of a witness and the giving of testimony not had at the original trial, would likely produce a different result from that attained; this court had declined to reverse cases upon the supposed error of the trial court in refusing new trials desired in order to obtain such testimony, unless we believe the lower court has abused his discretion in the matter of refusing such new trial. We do not believe any such abuse appears in the instant case. A pending indictment against said witness for perjury alleged to have been committed upon a criminal trial, was before the court, as were other facts affecting the credibility of said witness. We do not deem the refusal of the new trial in order to obtain the testimony of Sadie Williams, to reflect any abuse of the discretion of the court below. The statement of facts heard by the court upon the motion for new trial, was filed after the term of court and can not be considered.

Finding no error in the record, the judgment of the trial court is affirmed.

*Affirmed.*

ON REHEARING.

June 27, 1923.

MORROW, PRESIDING JUDGE.—The motion for rehearing is based upon the court's refusal to grant a new trial upon the ground of alleged newly discovered evidence. Appellant insists that although the statement of facts heard on the motion for new trial was not filed during the term, the circumstances are such as demand its consideration. The verdict was rendered on the 16th of March; the term of court closed on the 1st of April. The motion for new trial was filed on the 18th of March and an amended motion on the 23rd of that month. Attached to the amended motion was the affidavit of Sadie Williams, relied on in the main as supporting the ground of the motion mentioned. State's counsel filed a controvert-

ing affidavit on the 25th of March and on the 27th of that month, the motion was overruled.

Counsel points to an order of the trial judge made in connection with the statement of facts on motion for new trial which was filed on the 16th of June, in which he recites that the stenographer was busily engaged in taking testimony in a capital case which rendered it impossible for her to prepare the statement of facts during the term, and that it was therefore ordered that the statement of facs be prepared after the term of court and filed *nunc pro tunc*.

The statute authorizes the trial judge to extend the time within which a statement of the facts heard on the trial of the case may be filed. Art. 845, C. C. P. No authority within our knowledge is given to direct the filing of a statement of the evidence heard on the motion for new trial after the time expires. The law requires such statement to be filed before the term expires, and one filed later cannot be considered. The statutes have been so construed on many occasions. Vernon's Crim. Stat., Vol. 2, p. 833, note 5. See also Thompson v. State, 83 Texas Crim. 18; Mason v. State, 83 Texas Crim. Rep. 528; McKinney v. State, 85 Texas Crim. Rep. 105; Hart v. State, 86 Texas Crim. Rep. 653; Gray v. State, 88 Texas Crim. Rep. 1; Holloway v. State, 88 Texas Crim. Rep. 128; Salazar v. State, 88 Texas Crim. Rep., 209 225 S. W. Rep., 528. Permission to file such a statement of facts after adjournment of the term is not within the legal perview of an order nunc pro tunc.

"A nunc pro tunc entry is an entry made now, of something which was actually previously done, to have effect as of the former date. Its office is not to supply omitted action by the court, but to supply an omission in the record of action really had, but omitted through inadventence or mistake." (Bouvier's Law Dist., Vol. 2, p. 528.)

To the same effect are numerous cases cited in Words & Phrases, 2nd Ed., Vol. 3, p. 663. The law permitting the statement of facts or the data therefor to be prepared by the court stenographer is not exclusive of that method. Article 845 of the Code of Crim. Procedure contains an express provision to the effect that such statement may be prepared independent of the transcript of the notes of the official shorthand reporter. See Arts. 844a and 844b, C. C. P.

There were but few witnesses heard on the motion for new trial, and no sufficient reason is given for the failure to prepare a statement of facts within the three or four days of the term remaining after the motion was heard, or to request the court to extend the term to enable the stenographer to prepare the statement. The statement of facts finally prepared was filed about seventy days after the close of the term at which the case was tried, and as then prepared, it does not conform to the requirements of the law in that it is wholly in question and answer form. Both statutory direction and judicial interpretation are opposed to a statement of facts so prepared.

"A statement of facts . . . shall consist. of the evidence adduced upon the trial, . . . stated in succinct manner and without unnecessary repetition." (Vernon's Sayles' Tex. Civ. Stat., Art. 2070.

A transcription of the stenographer's notes in question and answer form is not in compliance with this statute and cannot be considered. Choate v. State, 59 Texas Crim. Rep., 266; Hart v. State, 150 S. W. Rep. 188. In Art. 846 of the Code of Crim. Pros., it is said:

". . . provided, that such stenographer's report when carried into the statement of facts or bills of exception, shall be condensed so as not to contain the questions and answers, except where, in the opinion of the judge, such questions and answers may be necessary in order to elucidate the fact or question involved."

From what has been said, it is manifest that this court is not authorized to consider the statement of facts in question.

We will add, however, that even if it were before us, the views expressed in the original opinion touching our inability to find a basis for overturning the ruling of the trial judge in overruling the motion for new trial because of the newly discovered evidence would, in our judgment, determine the matter against the appellant.

The motion is overruled.

*Overruled.*

ON APPELLANT'S APPLICATION TO FILE SECOND MOTION FOR REHEARING.

October 17, 1923.

HAWKINS, Judge.—Appellant's request to file second motion for rehearing is denied. No question is raised not pertinently considered.

*Denied.*