the good reputation of appellant was heard without objection from him.

[4] The alleged agreement, the effect of which is to attack the judgment of the court accepting the plea of guilty, was one which it is not clear that the trial court was bound to respect; certainly not when the agreement is not reduced to writing. See Keaton v. State, 41 Tex. Cr. R. 621, 57 S. W. 1125; Thompson on Trials, vol. 1, §§ 198 to 201; Cleland v. State, 93 Tex. Cr. R. 503, 247 S. W. 861. The appellant, relying upon an agreement, verbal or written, controlling the introduction of evidence, should have interposed an objection at the time the evidence was offered and permitted the trial court to determine whether, under the agreement, the proffered evidence should be received, and whether the agreement would be enforced by the court. This should be done to the end that, if the ruling is adverse, the whole matter might be embraced in a bill of exceptions, and the correctness of the ruling decided on appeal. In the absence of such bill of exceptions, the matter under discussion in the instant case is not before this court in a manner authorizing its review.

For the reason stated, the judgment is affirmed.

#### On Appellant's Application to File Second Motion for Rehearing.

HAWKINS, J. The judgment was affirmed, and appellant's motion for rehearing overruled without a written opinion. He now requests permission to file a second motion for rehearing. We perceive no reasons which lead us to believe our former disposition of the case to be erroneous.

The request is denied.

---

### BANKS v. STATE. (No. 7171.)

(Court of Criminal Appeals of Texas. Jan. 31, 1923. Rehearing Denied June 27, 1923. Application to File Second Motion for Rehearing Denied Oct. 17, 1923.)

**1. Witnesses ⊚⇒387—Cross-examination of accused's witnesses as to conflicting statements held proper.**

Where witnesses for accused made written statements, shortly after the homicide, that they did not hear deceased make any threats to kill accused, cross-examination to elicit such fact to impeach their testimony on trial was properly permitted, though accused was not confronted by the witnesses when the statements were made, had no opportunity to cross-examine, etc.

**2. Criminal law ⊚⇒1111(5)—Variance between bill of exceptions and statement of facts held to give preference to former.**

Where the bill of exceptions and statement of facts are at variance, the statements in the bill of exceptions are given preference; the hypothesis being that the court approved them only after critical examination.

**3. Homicide ⊚⇒310(3)—Instruction on aggravated assault held not required by testimony.**

In a prosecution for manslaughter, testimony *held* not to require instruction on aggravated assault, where it showed no other purpose than to take deceased's life.

**4. Criminal law ⊚⇒944—Affidavit of one in jail for perjury held not to require new trial.**

Refusal to grant a new trial, where the newly discovered evidence was an affidavit of one under indictment for perjury and in jail with accused, after she was convicted, was not an abuse of discretion.

**5. Criminal law ⊚⇒945(1), 1156(3)—Grant of new trial for newly discovered evidence held discretionary.**

In passing on any motion for new trial for newly discovered evidence, the court is required to consider whether the new evidence would likely produce a different result, and the court's refusal, because it would not change the result, is not reviewable, in the absence of an abuse of discretion.

#### On Motion for Rehearing.

**6. Criminal law ⊚⇒1099(5) — Statement of facts, filed after court term, not considered.**

A statement of facts, heard by the court on motion for new trial filed after the term of court, cannot be considered.

**7. Criminal law ⊚⇒1099(9)—"Nunc pro tunc" entry held ineffective to authorize filing of statement of facts after term.**

Permission to file a statement of facts, heard on motion for new trial, cannot be granted after the term nunc pro tunc, as a "nunc pro tunc entry" is an entry of something actually done previously, to have effect as of the former date (citing 3 Words and Phrases, Second Series, "Nunc Pro Tunc").

**8. Criminal law ⊚⇒1098—Statement of facts, wholly in question and answer form, held improper.**

A statement of facts, wholly in question and answer form, does not conform to Vernon's Sayles' Ann. Civ. St. 1914, art. 2070, requiring statement of the evidence in succinct manner, without unnecessary repetition, nor to Vernon's Ann. Code Cr. Proc. 1916, art. 846, restricting such usage to necessary elucidation of the stated facts.

Appeal from District Court, Galveston County; Robt. G. Street, Judge.

Savanah Banks was convicted of manslaughter, and she appeals. Affirmed.

Marsene Johnson, Elmo Johnson, Roy Johnson, and Marsene Johnson, Jr., all of Galveston, for appellant.

R. G. Storey, Asst. Atty. Gen., for the State.

LATTIMORE, J. Appellant was convicted in the district court of Galveston county of

manslaughter, and her punishment fixed at four years in the penitentiary.

The parties to this killing were both negro women between whom there appears from the record to have been trouble prior to the fatal difficulty. According to the state's testimony, on the night charged, appellant came to the immediate neighborhood of where deceased made her home, and walked up and down for quite a while, awaiting the coming of deceased; appellant having a pistol in her hand wrapped in a towel. When deceased appeared, a wordy war ensued between the two, followed by a shot from the pistol in appellant's hand. Deceased died in a very few minutes, being shot in the breast.

[1] In appellant's brief three matters are assigned as error, it being insisted, first, that it was erroneous to permit the state, over objection, to ask two witnesses for appellant, on cross-examination, if they had not made written statements, shortly after the homicide, at variance with their testimony as given upon the trial. It is stated in the bill of exceptions presenting this matter that each of these witnesses had testified on the trial that two days before the homicide they heard deceased make threats to kill appellant; that upon cross-examination they were asked if they had not made written statements on the day after the homicide, in which they denied having heard deceased make any threats to kill appellant. It also appears that the objections made by appellant to said questions were overruled, and that said witnesses answered, and that thereafter the assistant county attorney was placed upon the stand as a witness for the state, and testified, over objection, that said witnesses made a written statement, the day after the homicide, in which they denied having heard deceased threaten to take the life of appellant. The objections made were without merit. The fact that the statements made by the witnesses, which were used for purposes of impeachment, were not made in the presence of the defendant, and that she was given no opportunity to cross-examine said witnesses at the time they made said statements, and that she was not being confronted by said witnesses at the time they made said statements used as impeachment, and that said statements were not made on any examining or habeas corpus trial, but were made privately to the assistant county attorney, are nonvalid grounds of objection. It is a well-known rule that witnesses may be impeached by proof of prior inconsistent or contradictory statements made by them, at variance with those given upon the trial, and we know of no authority holding good the objections to proof of the making of such contradictory statements, such as those here presented. The bill of exceptions approved by the trial court is wholly at variance with the statement of facts. Said bill states that the witnesses Menda White and Mattie Williams were asked certain questions, and answered, and that the assistant county attorney took the witness stand and testified that Menda White and Mattie Williams did make certain written statements. It fails to appear from the statement of facts that Mattie Williams was asked any such question, or that the assistant county attorney attributed any such testimony or contradiction to the witness Mattie Williams.

[2] Great care should be exercised by trial judges in the examination of bills of exception, to see that they reflect the proceedings as they occurred. The general rule adhered to by this court is that we accept the statements in bills of exception in preference to those appearing in the statement of facts, upon the hypothesis that the attention of the trial court had been specifically directed to the facts contained in such bills of exception, and that they have the approval of the court below after critical examination.

[3] Appellant also complains of the refusal of the trial court to instruct the jury upon aggravated assault. This error is not discussed in appellant's brief, and no authorities are submitted, and, indeed, none are known to us upon which can be based the proposition that one who takes the life of another with a pistol by shooting, from the effect of which shot death results, there being no testimony indicating any other purpose on the part of the accused except to take life, may demand a charge on aggravated assault. We have examined the testimony in the instant case, and find nothing in the record suggesting the propriety of a charge allowing the jury to reduce the offense of appellant, if any, to aggravated assault. Appellant claimed to have shot in self-defense; her theory of the difficulty being that deceased had previously threatened to take her life, and that on the occasion in question deceased called her from her house into the street, and came rushing toward her with a knife in her hand, cursing her as she came, and that, when she got near to appellant, a shot was fired by the latter in self-defense. The charge of the court submitted the law of self-defense, of manslaughter, and of murder.

[4, 5] Appellant made a motion for a new trial based in part upon newly discovered evidence; same consisting of the affidavit of Sadie Williams that she was present at the time of the shooting, and heard deceased say, a short time before the homicide, that she was going to kill appellant. It is made to appear from the record that Sadie Williams was in jail with appellant after she was convicted herein, and also that said Sadie Williams was in jail at the time the supporting affidavit referred to, was made. The county attorney filed a controversy of the grounds of appellant's motion for new trial, and, with reference to the testimony of Sadie

Williams contained in said affidavit, averred that Sadie Williams was under indictment for perjury, and that she had been indicted for other offenses, and that her testimony was unworthy of belief. These controverting assertions were supported by proof. In passing upon any motion for new trial, calling in question the propriety of granting same for the purpose of obtaining testimony which was not had upon the original trial, the trial courts are called upon to consider the proposition as to whether or not the presence of a witness, and the giving of testimony not had at the original trial, would likely produce a different result from that attained. This court had declined to reverse cases upon the supposed error of the trial court in refusing new trials desired in order to obtain such testimony, unless we believe the lower court has abused his discretion in the matter of refusing such new trial. We do not believe any such abuse appears in the instant case. A pending indictment against said witness for perjury alleged to have been committed upon a criminal trial was before the court, as were other facts affecting the credibility of said witness. We do not deem the refusal of the new trial in order to obtain the testimony of Sadie Williams to reflect any abuse of the discretion of the court below. The statement of facts heard by the court upon the motion for new trial was filed after the term of court, and cannot be considered.

Finding no error in the record, the judgment of the trial court is affirmed.

### On Motion for Rehearing.

MORROW, P. J. [6] The motion for rehearing is based upon the court's refusal to grant a new trial upon the ground of alleged newly discovered evidence. Appellant insists that, although the statement of facts heard on the motion for new trial was not filed during the term, the circumstances are such as demand its consideration. The verdict was rendered on the 16th of March; the term of court closed on the 1st of April. The motion for new trial was filed on the 18th of March, and an amended motion on the 23d of that month. Attached to the amended motion was the affidavit of Sadie Williams, relied on in the main as supporting the ground of the motion mentioned. State's counsel filed a controverting affidavit on the 25th of March, and on the 27th of that month the motion was overruled.

Counsel points to an order of the trial judge made in connection with the statement of facts on motion for new trial, which was filed on the 16th of June, in which he recites that the stenographer was busily engaged in taking testimony in a capital case, which rendered it impossible for her to prepare the statement of facts during the term, and that it was therefore ordered that the statement of facts be prepared after the term of court and filed nunc pro tunc. The statute authorizes the trial judge to extend the time within which a statement of the facts heard on the trial of the case may be filed. Article 845, C. C. P. No authority within our knowledge is given to direct the filing of a statement of the evidence heard on the motion for new trial after the time expires. The law requires such statement to be filed before the term expires, and one filed later cannot be considered. The statutes have been so construed on many occasions. 2 Vernon's Crim. Stat. p. 833, note 5. See, also, Thompson v. State, 83 Tex. Cr. R. 18, 202 S. W. 91; Mason v. State, 83 Tex. Cr. R. 528, 204 S. W. 331; McKinney v. State, 85 Tex. Cr. R. 105, 210 S. W. 700; Hart v. State, 86 Tex. Cr. R. 653, 218 S. W. 1054; Gray v. State, 88 Tex. Cr. R. 1, 224 S. W. 513; Holloway v. State, 88 Tex. Cr. R. 128, 224 S. W. 1102; Salazar v. State, 225 S. W. 528.

[7] Permission to file such a statement of facts after adjournment of the term is not within the legal purview of an order nunc pro tunc.

"A nunc pro tunc entry is an entry made now, of something which was actually previously done, to have effect as of the former date. Its office is not to supply omitted action by the court, but to supply an omission in the record of action really had, but omitted through inadvertence or mistake." 2 Bouvier's Law Dict. (Rawle's Ed.) 528.

To the same effect are numerous cases cited in 3 Words and Phrases, Second Series, 663. The law permitting the statement of facts or the data therefor to be prepared by the court stenographer is not exclusive of that method. Article 845 of the Code of Criminal Procedure contains an express provision to the effect that such statement may be prepared, independent of the transcript of the notes of the official shorthand reported. See articles 844a and 844b, C. C. P.

[8] There were but few witnesses heard on the motion for new trial, and no sufficient reason is given for the failure to prepare a statement of facts within the 3 or 4 days of the term remaining after the motion was heard, or to request the court to extend the term to enable the stenographer to prepare the statement. The statement of facts finally prepared was filed about 70 days after the close of the term at which the case was tried, and, as then prepared, it does not conform to the requirements of the law, in that it is wholly in question and answer form. Both statutory direction and judicial interpretation are opposed to a statement of facts so prepared.

"A statement of facts * * * shall consist of the evidence adduced upon the trial, * * * stated in succinct manner and without unnecessary repetition." Vernon's Sayles' Tex. Civ. Stat. art. 2070.

A transcription of the stenographer's notes in question and answer form is not in compliance with this statute and cannot be considered. Choate v. State, 59 Tex. Cr. R. 266, 128 S. W. 624; Hart v. State, 67 Tex. Cr. R. 497, 150 S. W. 188. In article 846 of the Code of Criminal Procedure, it is said:

" * * * Provided, that such stenographer's report when carried into the statement of facts or bills of exception, shall be condensed so as not to contain the questions and answers, except where, in the opinion of the judge, such questions and answers may be necessary in order to elucidate the fact or question involved."

From what has been said, it is manifest that this court is not authorized to consider the statement of facts in question. We will add, however, that, even if it were before us, the views expressed in the original opinion touching our inability to find a basis for overturning the ruling of the trial judge in overruling the motion for new trial because of the newly discovered evidence would, in our judgment, determine the matter against the appellant.

The motion is overruled.

On Appellant's Application to File Second Motion for Rehearing.

HAWKINS, J. Appellant's request to file second motion for rehearing is denied. No question is raised not pertinently considered.