# APRIL, 1923

## CHARLIE HULL and J. D. COLTHORP v. THE STATE.

### No. 7273. Decided April 4, 1923.

1.—Transporting Intoxicating Liquor—Disqualification of Judge—Bills of Exception.

Where the testimony, with reference to the disqualification of a trial judge, was set out in connection with appellant's bills of exception which were not filed during the term time, the same cannot be considered on appeal; as all statements of fact relating to matters other than the testimony introduced upon the actual trial of the cause must be approved and filed during term time. Following Black v. State, 41 Texas Crim. Rep., 185, and other cases.

2.—Same—Requested Charges—Bills of Exception—Practice on Appeal.

Where the refusal of requested charges is not preserved by separate bills of exception, they cannot be considered on appeal, and their indorsement that they were seasonably presented will not answer the place of the bills of exception. However if considered, there is no reversible error, as it is not necessary that the indictment allege the point from which transportation began nor that at which it ended, and the evidence being sufficient, there is no reversible error.

Appeal from the District Court of Randall. Tried below before the Hon. Henry S. Bishop.

Appeal from a conviction of the unlawful transportation of liquor; penalty, three years imprisonment in the penitentiary.

The opinion states the case.

*A. M. Mood* for appellant.—On question of disqualification of judge; Cotulla Bank. v. Herron, 202 S. W. Rep., 797.

*R. G. Storey,* Assistant Attorney General, for the State.

LATTIMORE, Judge.—Appellants were convicted in the District Court of Randall County of the offense of transporting intoxicating liquor, and their punishment fixed at three years in the penitentiary.

A motion was filed to have the honorable trial court recuse himself upon the ground that he had taken part in the prosecution. Appellants presented evidence at length in support of their motion. Said evidence appears set out in connection with appellants' bills of exception Nos. 1 and 2. The State objects to considering said bills of exception upon the ground that same are necessarily based upon the statement of facts attached to each, and that they were not filed during term time. It appears as a matter of fact from an inspection of the record that said bills of exception were filed nearly two months after the expiration of the trial term of the court below. It has been held by this court uniformly since Black v. State, 41 Texas Crim. Rep. 185, that all statements of fact relating to matters other than the testimony introduced upon the actual trial of the cause, must be approved and filed during term time. The decisions cited by the State in its brief are Probest v. State, 60 Texas Crim. Rep. 608; Mooney v. State, 73 Texas Crim. Rep. 123; Parroccini v. State, 90 Texas Crim. Rep. 320; Salazar v. State, 88 Texas Crim. Rep. 209, 225 S. W. Rep. 528. There are many other decisions of this court which might be cited on the same point. We do not feel inclined to vary from the rule thus announced. The law seems to be so well settled and generally understood that this court has no desire to introduce any element of uncertainty by discussing the facts as they appear in said bills of exception.

Appellant has a number of special charges in the record. The refusal of said charges is not preserved by separate bills of exception. The only notation that we observe upon them is that they were "seasonably presented." We do not know what this means. There has been no decision of this court known to us by which any rule is announced than that the fact must be made known to this court by the record,—either by a notation upon the refused charge or by a separate bill of exceptions, that a special charge was presented to the trial court before the main charge was given and was by him then either refused or given and exception noted. However, we have read the special charges in this case and are of opinion that no error appears in the refusal of any of them. The indictment herein charged transportation of five gallons of alcohol in cans, five quarts

of tiquila in a keg, and about ten pints of champagne in bottle, it being further alleged that said liquor was intoxicating. We do not think it necessary in a transportation case that the indictment allege the point from which such transportation began, nor that at which it ended. The testimony in this case shows that when the officers overtook and succeeded in stopping the car in which appellants were, they found in the car ten five gallons cans of alcohol, a five gallon keg of tiquila and about sixteen bottles of wine, having on same a Spanish label. A witness described the wine as champagne. The special charges referred to, as we understand the record,. all relate to matters pertaining to the question of transportation and the kind and character of the liquor transported, about which we are unable to perceive any issue to be raised in the testimony. The liquor found in the car driven by appellant was examined and tested and shown by testimony to be intoxicating. The appellants introduced a witness who said that he had visited in old Mexico and who tasted the liquor introduced in evidence by the State as tiquila and gave it as his opinion that it was not tiquila. This witness also said that the wine offered by the State was not champagne. We think the evidence amply supported the verdict of the jury.

Finding no reversible error in the record, the judgment will be affirmed.

*Affirmed.*